*Gardiner, J.
 

 — The judgment of the surro- -■ gate, in admitting the will in this case (which relates only to personal property) to probate, is the decision of a court of competent and exclusive jurisdiction, which cannot be impeached collaterally. (2 R. S. 61, § 29; 7 Paige 397; 3 Barb. Oh. 481.) The 29th section of the statute (2 R., S. 61) declaring the probate of wills
 
 *187
 
 of personal property conclusive, does not necessarily conflict with the 18th section of the act of 1837, which makes the 15th section of the revised statutes, in relation to wills of real estate, applicable to wills of personal property. The section last mentioned provides,
 
 “
 
 that wills proved according to the previous provisions of the act, shall have a certificate indorsed thereon, signed by the surrogate, and attested by his seal- of office, and may be read in evidence, without any further proof thereof.” *“ The record of such will, made as aforesaid, and the exemplification of such record by the L surrogate in whose custody the same may be, shall be received in evidence, and shall be as effectual, in all cases, as the original will would be, if produced and proved, and may, in like manner, be repelled by contrary proof.” The object of the provision was, to make the certificate of the surrogate, and the record of the will or an exemplification,
 
 prima facie
 
 evidence. The legislature have accordingly declared that such shall be their effect; and have placed them upon the same footing as the records and exemplifications of deeds. (3 Johns.. Gas. 236; Revisers’ Notes to § 15, 3 R. S. 629.)
 

 But the probate of a will, by which is meant the evidence, jurisdictional and otherwise, presented to the court, together with the judicial determination of the surrogate upon that evidence,- is, as to personal property, conclusive, notwithstanding. It is in the nature of a proceeding
 
 in rem;
 
 to which all persons having an interest in the subject of litigation may make themselves parties, and are consequently bound by the decree. (4 Paige 623.)
 

 II. If the will should be avoided, on account of its defective execution, the trust-fund established by Mrs. Van Alstyne for her son, would fall into the mass of her property, to be distributed in the due course of administration, under the supervision of the surrogate. Here, no administrator has been appointed, and the complain
 
 *188
 
 ants, as judgment-creditors, have no right to enforce a distribution, where the estate is not represented. (3 Barb. Oh. 479.)
 

 III. In any view of-the case,-whether the trust is sustained or avoided, William P. Van Alstyne is a necessary party, either as
 
 cestui que trust,
 
 or as one entitled to a distributive share of his mother’s estate. This objection is distinctly made in the answer, and the defendants may, consequently, avail themselves of it, with the same effect as though they had demurred to the bill for that cause.
 

 For the reasons suggested, without adverting to other * 200 1 9-ues^ons *ma-de upon the argument, the decree -1 of the supreme‘court should be affirmed.