IN THE MATTER OF PROVING THE LAST WILL AND TESTAMENT OF JOHN KELLUM, Deceased.

The provisions of the Revised Statutes, authorizing the next of kin within one year after probate of a will of personal property to contest the probate (2 R. S., 61, §§ 30–39), are not confined to wills relating solely to personal property, but are applicable to those proved as wills of both real and personal property.

These provisions are not abrogated by the provisions of the act of 1837 (chap. 460, Laws of 1837), which require the same proof and proceedings for the probate of wills of personal as of real property, and which dispense with the separate recording of the instrument as a will of personal property after it has been recorded as a will of real property.

In case the probate of a will as a will of personal property is revoked, if it has also been proved as a will of real estate, the effect of that probate is not impaired. Notice to devisees is, therefore, unnecessary.

(Argued November 12, 1872; decided November 19, 1872.)

APPEAL by Hiram Kellum, one of the next of kin of John Kellum, deceased, from an order of the General Term of the Supreme Court in the second judicial department, affirming an order of the surrogate of Queens county, vacating an order to show cause and citation and proceedings for revocation of probate of the will of said John Kellum, which had been formerly proved and recorded before the said surrogate as a will of real and personal property. (Reported below, 6 Lans., 1.)

The will of John Kellum was admitted to probate and recorded by the surrogate, upon due notice to all the next of kin and heirs, as a will of both real and personal property, on

the 25th of September, 1871. Hiram Kellum, one of the next of kin cited, filed in February, 1872, with the surrogate, his allegations against the validity of the will; an order directing a citation to issue was entered thereon, and a citation was issued to Hannah Kellum, the executrix and legatee, to show cause why the probate should not be revoked. Upon the return of this citation the surrogate ordered the order and citation to be vacated and set aside and the proceedings dismissed upon the ground of want of jurisdiction.

*Philip S. Crooke* for the appellant. The surrogate had jurisdiction of the allegations. (2 R. S., 61.) The probate of the will was effective as of a will of personal property. (Laws of 1837, chap. 460 ; 2 R. S., title 1, chap. 6, §§ 10, 11, 12, 14, 15 ; *Vanderpoel* v. *Van Valkenburgh*, 6 N. Y., 190 ; Burrill's Law Dictionary, "Will;" *Campbell* v. *Logan*, 2 Bradf., 90, 94 ; Willard on Executors, 63 ; *Collier* v. *Idley*, 1 Bradf., 94 ; *Mason* v. *Jones*, 2 id., 181, 325.)

*Samuel Hand* for the respondent. The surrogate had no jurisdiction to revoke the probate of this will after it was proved and recorded as a will of real and personal estate. (2 R. S., 57, 70, Edm. ed. ; 2 id., 57, §§ 7–15, 1st ed. ; 2 id., 60, §§ 24, 26, 29, 1st ed. ; Revisers' notes, 5 R. S., 368, Edm. ed. ; 2 R. S., 66, § 55, 1st ed. ; Laws of 1837, pp. 525, 529.)

RAPALLO, J. A will may be proved at one and the same time, both as a will of real and personal property. The effect of the probate differs, however, as to each class of property. As to the real estate, the probate is not conclusive either as to the validity or due execution of the will. These questions may be litigated whenever rights to real estate claimed under the will are controverted. But in respect to dispositions of personal property contained in the will, the rule is different. Its admission to probate as a will of personal property is conclusive as to its validity until such probate be reversed on appeal or revoked by the surrogate, in the manner provided by the statute, or the will be declared void by a competent tribunal. (2 R. S., 61, § 29 ; 6 N. Y., 190 ; 1 Bradford, 94).

It was in consequence of this conclusive effect of the probate that the provisions were adopted which permit the next of kin, within one year thereafter, to contest the same by filing allegations against the validity of the will or the competency of the proof thereof. (2 R. S., 61, §§ 30 to 39; Reviser's notes, 3 R. S., 630.)

These provisions are an important safeguard against imposition or mistake, and afford the next of kin a whole year after the probate, to investigate the circumstances attending the execution of the will. No such provisions are necessary as to wills of real estate, as the probate may be repelled at any time by contrary proof. (2 R. S., 58, § 15.)

In case the probate of the will as a will of personal estate is revoked, the revocation is made by the entry thereof in the records of the surrogate, and notice being given, as prescribed by the statute. The record of the will remains, and if it has also been proved as a will of real estate, the effect of that probate is not impaired by the revocation of the probate as a will of personal property. That revocation simply divests the probate of its quality of a probate of a will of personal property. Notice to devisees is therefore unnecessary.

The position taken on the argument, that the provisions authorizing this revocation apply only in case the will relates solely to personal property, or be proved solely as a will of personal property, and that they do not apply where it has been proved as a will of both real and personal estate, is not sustained by any sound reason. If such were the true construction of the statute, but few cases could arise in which it would be available. The same instrument ordinarily disposes of both real and personal estate, and possesses a double character. In so far as it relates to personal property, it is a will of personal property, and all provisions of law relative to that description of will apply to it. If those provisions were applicable only to wills exclusively of personal property, then the sections relative to granting letters testamentary would be inapplicable where the will was proved as a will of real and personal property, for they are to be granted only when

a will of personal property is admitted to probate. (2 R. S., 69, § 1. See also *Mason* v. *Jones*, 2 Bradf., 181, 325.)

The provisions of the act of 1837, which require the same proof and proceedings for the probate of wills of personal property which are required as to wills of real estate, and which dispense with the separate recording of the instrument as a will of personal property after it has been recorded as a will of real estate, do not abrogate the provisions of the Revised Statutes allowing allegations to be filed. The legislature has not declared such to be the effect of the act of 1837, nor are its provisions inconsistent with those of the Revised Statutes. The act of 1837 throws additional protection around the original probate, but is not an equivalent of the right to a new probate within a year. Neither does it deprive the probate of its conclusive effect so far as concerns the personal property. (6 N. Y., 190.) In the allegations the contestant describes himself as heir-at-law as well as next of kin, and the citation was to show cause why the probate should not be revoked, instead of being limited to the probate as a will of personal estate. These inaccuracies, however, would not prevent the surrogate from confining the hearing, and his adjudication within the limits authorized by the statute, and did not justify a dismissal of the whole proceeding.

The order of the General Term and that of the surrogate, made March 21, 1872, should be reversed, with costs, to be paid *de bonis testatoris*, and the surrogate should proceed with the hearing of the proof.

All concur.

Order reversed.