## ALLISON v. WELLER.

*Parties — in action to set aside fraudulent deed — judgment debtor a proper party.*

In an action by the receiver of a judgment debtor appointed in supplementary proceedings to set aside a conveyance by the judgment debtor as being in fraud of creditors, the judgment debtor is a proper party.

APPEAL by defendant Theron Weller from an order at the special term overruling a demurrer to the complaint.

The action was brought by Howard Allison as receiver, etc., of Theron Weller, against Theron Weller and William E. Weller to set aside as fraudulent, a conveyance of real estate by said Theron Weller to the other defendant, who was his infant son.

The plaintiff was appointed receiver in proceedings supplementary to execution against said Theron Weller. The complaint alleged the recovery of a judgment by one Cox against said Theron Weller; the issue of execution, its return unsatisfied, the institution of supplementary proceedings and appointment of plaintiff as receiver thereunder, and his due qualification ; that said Theron Weller, after the judgment debt was incurred, but before the recovery of the judgment, made the conveyance mentioned, fraudulently, without consideration, and for the purpose of hindering and delaying Cox and other creditors in the collection of their debts, etc. The defendant Theron Weller demurred upon the grounds that he should not have been made a party defendant, and that the complaint did not state sufficient facts to constitute a cause of action against him.

The demurrer was overruled, and judgment ordered, with leave to defendant to answer on payment of costs. Judgment was entered, and an appeal was taken from the judgment and order.

*Hulse, Little & Finn,* for appellant. Theron Weller had no interest in the premises conveyed, and was not a proper party. *Bostwick* v. *Menck,* 40 N. Y. 383 ; *Fox* v. *Moyer,* 54 id. 125 ; *Reid* v. *Vanderheyden,* 5 Cow. 719; Code, § 118.

*D. D. McKoon,* for respondent.

DONOHUE, J. The plaintiff sues as receiver, appointed under an order in supplementary proceedings, against defendant Theron Weller. His action is to set aside a conveyance in fraud of creditors made to defendant William E. Weller. Theron Weller demurs on the ground : 1. That Theron Weller should not have been made a party. 2. That the complaint as to him does not state facts sufficient to constitute a cause of action.

The demurrer, of course, admits the facts stated by the complaint, and it must be taken as admitted, that the defendant, in fraud of his creditors, and in defiance of the statute, conveyed to the other defendant the property sought to be reached. That the judgment debtor, who made such a conveyance, is a proper defendant in principle is apparent, and is also on authority. See *Vanderpool* v. *Van Valkenburgh*, 6 N. Y. 190, 199 ; *Bostwick* v. *Menck*, 40 id. 383.

It would answer no useful purpose to cite authorities on the other point, where as here the judgment and return of the execution unsatisfied, the appointment of a receiver, and fraudulent conveyance is admitted to show that that is a cause of action. It is too clear.

The order should be affirmed.

*Order affirmed.*