Miller, J.
Proof of the death of John Carroll, the testator, was absolutely essential to entitle the plaintiff, who claimed that she was his widow, to recover in this action. The only evidence of Carroll’s death was the record of the *123 probate of his last will and testament, made before the surrogate of the county of Kings. This was received after an objection made, and the judge charged the jury, that it was prima facie evidence of the death of Carroll, and being undisputed and uncontradicted was conclusive upon that question. The judge was in error in both of these decisions named, and I think that the exception to the evidence and the charge were each well taken.
Letters testamentary and of administration are conclusive evidence of the authority of the persons to whom granted, and are sufficient to establish the representative character of the plaintiff who assumes to sue by virtue thereof. (2 R. S., 80, § 56 ; Belden v. Meeker, 47 N. Y., 307 ; Farley v. McConnell, 52 id., 630.) So, also, a will proved with a certificate of the surrogate and attested by his seal of office may be read in evidence without further proof, and the record of the same and the exemplification of the same by the surrogate may be received in evidence the same as the original will would be if produced and proved. (2 R. S., 58, § 15.)
The object of this provision was to make the certificate of the surrogate and the record of the will, or exemplification prima facie evidence only. (Vanderpoel v. Van Valkenburgh, 6 N. Y., 190,199.) In 2 Qreenleaf’s Evidence, section 339, it is said that: “ The proof of the plaintiff’s representative character is made by producing the probate of the will, or the letters of administration, which prima facie are sufficient evidence for the plaintiff of the death of the testator or intestate and of his own right to sueP This is undoubtedly the trae rule; and it will be found upon examination that the authorities cited upon this question relate mainly to cases where the right of the administrator or executor to sue is involved, or where the parties were connected with the proceeding, interested in the estate, and had their rights adjudicated upon when the will was established before the prohate court. Such are the cases cited from other States, with scarcely any exception, and none of them can be regarded as sustaining the broad principle that the probate of a will of *124 itself establishes the death of the testator in any other ease. The general rule laid down in 1 Greenleaf’s Evidence, section 550, as to the effect of the probate of a will, or the grant of letters of administration is also liable to criticism, and is not, I think, sustained by the English cases which are cited to support it. It may then be considered as established by the cases relied on by the plaintiff’s counsel that letters testamentary, and the proofs of a will before a surrogate, are only evidence in some proceeding arising out of the will itself, and the parties who claim under it or are connected with it, and they cannot upon their face affect, or in any way control the interests of parties who are entirely disconnected with the proceedings before the surrogate and not within his jurisdiction. It follows, therefore, that in an action of ejectment brought by the widow to recover her dower, the probate of the will, and the proceedings thereon, are not competent evidence to prove the fact that the husband is dead, which is the very basis and foundation of the action, and without proof of which it cannot be maintained. The proof given on the probate of the will of a deceased husband has nothing to do with the question of the widow’s right of dower in his real estate. The will itself could not cut off that right which the law confers upon her, nor could the final adjudication of the surrogate in any way strengthen or injure the widow’s claim to a right to dower. The admission of the will to probate could not deprive her of her interest, nor its rejection in any way sustain it. The probate of the will was, therefore, of no sort of consequence in any respect, and entirely immaterial. So far as the widow was concerned she had no interest in the proceeding to prove the will which made its final determination conclusive as to her dower. The proceeding was not in the nature of a judgment of a court of competent jurisdiction, which was final and conclusive as to the subject-matter of the litigation, as the claim for dower was in no sense involved in the proof of the will before the surrogate. The English cáses sustain the doctrine that letters of administration are not evidence of death, and that it must be otherwise proved. *125 In Thompson v. Donaldson (3 Esp., 63), Lord Kenyon held that letters of administration are not sufficient proof of death, and remarked: “ The death was a fact capable of proof otherwise.” (See, also, Moons v. De Bernales, 1 Russ., 301.)
It will also be noticed that this is a case where the claim of title is made to real estate in an action of ejectment, to recover the same where more strict proof is required than in cases where the question arises incidentally and collaterally. (See 2 Greenl. Ev., § 27; 2 Ph. Ev., 93.)
In the views expressed, it is not intended to hold that cases may not arise where lapse of time and other circumstances may not make letters testamentary, and the proceedings accompanying the same, which have been had upon the proof of a will, competent evidence as ancient records, or from the lapse of time which has ensued since the probate (Doe ex dem. Ash v. Calvert, 2 Camp., 387); but in cases presenting the features of the one now considered, where the death is recent and the action brought so soon after the will was proven, and the alleged decease of the testator, it is enough to hold that the evidence introduced was not sufficient to establish his death, and that it must be proved otherwise.
Although all of the defendants but the infants admit the death of the testator, it is not enough to entitle the plaintiff to maintain the action. She cannot recover of all of them without proof of the testator’s death, and it is apparent that she cannot in this action recover as to those alone who admit the death.
For the 'error of the judge upon the trial the judgment must be reversed and a new trial granted.
All concur.
Judgment reversed.