JAMES V. VAN ALEN, EXECUTOR, ETC., OF CALVIN DRAKE, DECEASED, APPELLANT, *v.* CHARLES HEWINS AND ANOTHER, EXECUTORS, ETC., OF LUCY HEWINS, DECEASED, RESPONDENTS.

*Probate of will — right of next of kin to review — death of contestant — power of surrogate to substitute his executors.*

Where proceedings have been instituted, in accordance with 2 Revised Statutes, page 60, section 30, by the next of kin of one whose will has been admitted to probate, to contest the validity of the same, such proceedings do not abate by the death of the contestant, and the surrogate has power to direct the continu-

ance of the same and the substitution of the executors of the contestant in his place.

APPEAL from an order of the surrogate of Yates county.

The will of Calvin Drake was admitted to probate before the surrogate of Yates county, August 26, 1872, and the appellant appointed executor thereof. April 11, 1873, Lucy Hewins, only child and next of kin, filed allegations in the office of said surrogate against the validity of said will and the competency of the proof thereof. Citations were thereupon duly issued and served upon the proper parties, and, on the twenty-ninth day of May following, all parties appeared before the surrogate, joined issue, and proceeded to take testimony in the cause, and while the proceedings were yet pending and undetermined, and the testimony not all taken, and on the 5th day of February, 1875, the ·said Lucy Hewins died, leaving a last will and testament, appointing the respondents her executors, which was duly proved before the surrogate of Yates county, on February 19, 1875, and the respondents qualified as executors and entered upon the duties thereof.

On the second day of March following, the respondents presented a petition to the surrogate as such executors, praying for an order by the surrogate that said proceedings might be revived and continued, and that they might be substituted in the place of said Lucy Hewins in the further conduct of the proceedings contesting the validity of the will of said Calvin Drake. An order was made accordingly, from which an appeal was brought to this court.

*Henry R. Selden* and *David B. Prosser*, for the appellant.

*Morris Brown*, for the respondents.

GILBERT, J. :

Probate merely authenticates an instrument propounded as a will. The effect of it is to establish the words of the probate as the legal will of the deceased. It is a *quasi* proceeding *in rem*. Such a proceeding cannot, in the nature of things, abate by the death either of a proponent or a contestant. It must of necessity be continued until the instrument propounded be admitted to probate, or

probate thereof be refused. For, until such probate shall have been made in the manner prescribed by law, the instrument has no legal effect as a will. The manner of proving a will is clearly and precisely defined by statute, and no administration of personal estate bequeathed can be had until after probate (2 R. S., 69, § 1; id., 61, § 28; Laws 1837, 528, § 22); and before admitting any will to probate, the surrogate must be satisfied of it genuineness and validity. (Laws 1837, chap. 460, § 17.) The proceeding under review is the assertion of a right to a new probate. (2 R. S., 61, § 30 *et seq.*) It suspends all the powers of the executor, except the collection and recovery of moneys and the payment of debts, until a decision upon it shall be had; and the surrogate is required either to revoke or confirm the original probate. Proof must be made *de novo* (*Collier* v. *Idley's Exrs.*, 1 Bradf., 94; *Kellum's Will*, 50 N. Y., 298); and the statute, before cited, which provides that the surrogate must be satisfied of the genuineness and validity of the will, governs him in this proceeding. The proofs taken must have produced that effect before he can confirm the probate; otherwise, it becomes his duty to annul and revoke the same. The death of the contestant, or of an executor or legatee, does not relieve the surrogate from the performance of the duty, which the statute enjoins, of deciding whether the will is valid or invalid. No such exemption is contained in the statute. Indeed, it has made no provisions for such a contingency. It cannot be supposed that the legislature intended that the surrogate should decide upon partial proofs, for that would almost certainly work injustice to beneficiaries under the will, or to those who would be benefited if probate thereof should be refused. The burden being upon the executor and legatee to give the requisite proofs before the probate can be confirmed, the death of the contestant cannot deprive them of the right to give such proofs. From this it follows that the proceeding does not thereby abate, but that proofs in support of the will may be given thereafter, and hence, that somebody must have the right to give counter proofs in support of the allegations, or it must be the duty of the surrogate, of his own motion, to ascertain whether the allegations be true or not. For it would be absurd to confirm the probate in the face of allegations against the genuineness or validity of the will, without inquiry respecting the

truth thereof; and without such confirmation administration of the estate cannot be resumed. We are, therefore, driven to the conclusion that justice to those who are interested in the property to be affected by the proceeding, either by a confirmation or a refusal of probate, as well as a due performance of the duty imposed on the surrogate, requires him to allow some one to step into the place made vacant by the death of the contestant. The power to do this, although not expressly given, is necessarily incident to the jurisdiction vested in the surrogate to take proof of the execution of wills and to admit them to probate. (2 R. S., 220, § 1; Laws 1837, chap. 460, § 71; *Brick's Estate,* 15 Abb. Pr., 12.) There can be no question that incidental powers of that kind belong to the surrogate. (*Campbell* v. *Thatcher,* 54 Barb., 382; *Campbell* v. *Logan,* 2 Bradf., 90; *Pew* v. *Hastings,* 1 Barb. Ch., 452; *Kerr* v. *Kerr,* 41 N. Y., 277.) The right to contest a will is given to the next of kin, because they would be entitled to the property of the deceased if the attempted testamentary disposition of it should not be established. If the probate in this case had been revoked in the lifetime of Mrs. Hewins, she, being the only next of kin of the deceased, would have been entitled to the property. If revoked after her death, the property would belong to her personal representatives. (*Rose* v. *Clark,* 8 Paige, 574.) Her executors are therefore the proper parties to succeed her in the proceeding pending before the surrogate. The right survives to, and may be prosecuted by them, by analogy to the rule relative to actions. (Code, § 121.)

The order of the surrogate must be affirmed, with costs.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Decree of surrogate affirmed, with costs.