JAMES BAILEY, APPELLANT, *v.* HENRY HILTON AND
OTHERS, RESPONDENTS.

*Surrogate — power of to vacate decree, for mistake or fraud — Probate of will — when revoked.*

A surrogate has power to open or vacate a decree which has been procured through mistake, accident or fraud.

Where a will presented by the widow of the testator, in which she was named executrix, was admitted to probate, the application stating and the decree reciting that the surrogate had ascertained by satisfactory evidence, that the deceased left him surviving neither father, mother, brother, sister, nor descendants of any or either of them, nor any descendants of his, nor any relative or next of kin, *held*, that it rested in the discretion of the surrogate to grant or deny an application to revoke or vacate the probate of the will, made by persons not cited to be present at the former hearing, who claimed to be interested in the real estate of the deceased as his collateral relatives.

APPEAL from an order of the surrogate of the county of New York, dismissing the petition of the appellant to vacate the decree admitting to probate the last will and testament of Alexander T. Stewart, deceased.

Alexander Turney Stewart, a citizen of the United States and a resident of the city and county of New York, died in that city on the 10th day of April, 1876.

On the 13th day of April, 1876, Mrs. Cornelia M. Stewart, his widow, presented to the surrogate of the city and county of New York, certain papers purporting to be the last will and testament of Mr. Stewart and two codicils thereto, with her petition praying that these papers be admitted to probate as a will of real and personal estate. The petition stated that the deceased left him surviving neither father, mother, brother or sister, nor descendants of any or either of them, nor any descendants of his, nor any relative or next of kin. To this petition was annexed the affidavit of Mrs. Stewart that the matters of fact stated therein were true.

The surrogate being satisfied by this proof, on the same day took full proof by the subscribing witnesses thereto, of the execution of said will and codicils and endorsed thereon a certificate of such proof, signed by the surrogate and attested by his seal of office. The will was proved as a will of real and personal estate, and letters testamentary were duly issued thereon.

The petitioner, James Bailey, on or about the 31st day of May, 1876, presented a petition to the surrogate of the county of New York, stating that he and others therein named were "collateral relatives of the full blood and (saving any question of mutual precedence or exclusion) heirs-at-law and next of kin of said Alexander T. Stewart," and that they had not been cited to attend the probate of the will. The petition did not state how the petitioner or the other persons named were related to Mr. Stewart or became such relatives. The affidavit of verification to the petition stated that the petitioner's mother was a sister of Mr. Stewart's father.

Upon this petition the surrogate granted an order to show cause why the probate of the will should not be set aside. Upon the return day of this order it was conceded by the petitioner that his claimed relationship did not make him next of kin

to cut off the widow under the statute of distribution, and the motion, so far as affecting the probate of the will as a will of personal estate, was denied, without objection on the part of petitioner's counsel.

A motion was then made on the part of the executors under the will to dismiss the petition.

First. On the ground that the surrogate had no power o revoke the probate of a will of real estate.

Second. Upon all the papers before the surrogate upon the ground that, if he had the power, such motion was addressed to his discretion, and that in the exercise of that discretion the proceeding should be dismissed.

After consideration, the surrogate granted the motion and dismissed the proceeding.

*Elihu Root*, for appellant.

*Henry L. Clinton* and *Henry E. Davies*, for respondent.

INGALLS, J.:

This appeal is material only as it affects the real estate of which Alexander T. Stewart died seized, as in no probable event can the appellant participate in the personal estate. The testator died on the 10th day of April, 1876, leaving said will. On the 13th day of the same month, his widow, Mrs. Cornelia M. Stewart, presented a petition, duly verified, to the surrogate of said county, praying that such last will and testament might be admitted to probate. Such petition alleged " that the said deceased left him surviving neither father, mother, brother or sister, or descendant of any or either of them, or any descendants of his, or any relative, or next of kin of said deceased."

The will by its terms disposed of the real and personal estate of which the testator died seized, and was proved and recorded as a will of real and personal estate. It is very evident that the petitioner believed the statements contained in the petition when she presented the same to the surrogate. The Revised Statutes, vol. 3, page 146, section 50 [5th edition], provides, section 50, on application to the surrogate he shall ascertain by *satisfactory evidence*

the following facts; omitting the first and second subdivisions of the section:

3d. If the will *relate* to both real and personal estate, the names and places of residence of the heirs, widow and next of kin of the testator, or that upon diligent inquiry the same cannot be ascertained.

The record made by the surrogate, in regard to the probate of said will, contained the following: "Be it remembered that heretofore, to wit, on the 13th day of April, in the year one thousand eight hundred and seventy-six, Cornelia M. Stewart, the executrix named in the last will and testament of Alexander T. Stewart, late of the county of New York, deceased, appeared in *open court* before Delano C. Calvin, surrogate of the county of New York, and made application to have the last will and testament, and codicils thereto, which relate both to real and personal estate proved. And on such application the surrogate did ascertain by *satisfactory evidence*, that said applicant was the widow of said deceased. And that said deceased left him surviving neither father, mother, brother, sister, nor descendants of any or either of them, nor any descendants of his, or any relative or next of kin. Such applicant being of full age, and on that day no one appearing to oppose the probate of the said will, such proceedings were thereupon had afterwards that said surrogate took the proofs of said will, and codicils thereto, hereinafter set forth. And upon this 13th day of April, in the year one thousand eight hundred and seventy-six, he adjudged said will and codicils thereto, to be a valid will of real and personal estate, and the proofs thereof to be sufficient, etc." The surrogate acted upon competent proof, which, in our judgment, was sufficient to justify his determination. The decision of the surrogate, refusing to vacate the probate of the will, was placed upon the *ground of discretion*, and not, that he had not the power, if he chose to exercise it. He deemed it injudicious under all the circumstances which were presented to him to grant the prayer of the petition. It can hardly be doubted, but that a surrogate possesses the authority to open or vacate a decree which has been procured through mistake, accident, or fraud. (*Pew* v. *Hastings*, 1 Barb. Chy., 452; *Sipperly* v. *Baucus*, 24 N. Y., 46; *Campbell* v. *Logan*, 2 Bradf., 92;

*The Public Administrator* v. *Peters*, 1 id., 100; *Skidmore* v. *Davies*, 10 Paige [Chy. Rep.], 316; *Vreedenburgh* v. *Calf*, 9 id., 127; *Gibson* v. *Martin*, 8 id., 480.) The probate of a will, before the surrogate, is conclusive in regard to the personal estate, unless reversed. But in reference to the real estate, it is only *prima facie* evidence in regard to its validity or due execution. In the matter of Kellum (50 N. Y., 298, Laws 1853, chap. 238; *Jackson ex dem. Woodhull* v. *Ramsey*, 3 John. Cases, 234; *Vanderpool* v. *Van Valkenburg*, 6 N. Y., 100).

It is quite apparent that the surrogate decided this application after mature reflection and upon thorough examination, and we are not prepared to say that such discretion was not wisely and justly exercised.

The appellant can not be seriously prejudiced by the determination of the surrogate, as he can institute an action in the Supreme Court and contest the validity of the will, with very slight if any embarrassment arising from such proceedings before the surrogate, while the estate, so vast in amount, and embracing so many and important interests, might be very seriously injured by the delay necessarily consequent upon a contest in regard to the probate of the will. If it should be established that the probate of a will is to be vacated whenever an heir at law is discovered, the proceedings might be rendered interminable, and produce serious consequences to estates. We conclude that the exercise of discretion, in this particular, is very properly lodged with the surrogate, and should not be interfered with, unless the facts of a particular case show a clear abuse of such discretion. When the exercise of discretion is devolved upon an officer or court by law, the appellate tribunal is properly reluctant to interfere, and refrains unless there is shown to have been fraud, improper influence, or clear misconception of facts. (*Moore* v. *Moore*, 14 Barb., 27; *Mount* v. *Mitchell*, 31 N. Y., 356; *Marvin* v. *Marvin*, 11 Abb. [N. S.], 99.) We are convinced that the facts of this case will not justify a reversal of the decision of the surrogate.

The proceeding before the surrogate was not conducted in violation of the provision of 3 R. S., p. 465, § 1 (5th ed.), which is as follows: " The sittings of every court within this State shall be public, and every citizen may freely attend the same."

Every statute is entitled to a reasonable interpretation, with reference to the object to be attained or the evil prevented.

The order of the surrogate should be affirmed with costs.

DAVIS, P. J., and BRADY, J, concurred.

Order affirmed with costs.