WILLIAM J. SLOAN, APPELLANT, *v.* JOHN I. BIRDSALL, ESTELLA B. STOUGHTENBURGH, ELLA A. OVER-STREET AND WILLIAM McDONALD, AS TRUSTEES OF THE ESTATE OF JOHN I. BIRDSALL, RESPONDENTS.

*Trust for the benefit of the grantor and others — invalid as against the creditors of the grantor to the extent of his interest only.*

One Birdsall executed a deed of trust to trustees by which he conveyed his property, both real and personal, in trust, first, to sell so much as should be necessary to pay all the just debts of the grantor, second, to manage or sell the residue of the lands; third, during the natural lives of the grantor and his wife, or the survivor of them, to dispose of the interest upon the net proceeds of the real and personal property by first paying the grantor an amount sufficient to clothe, support and maintain him, and such other allowance as the trustees should in their discretion deem proper, and by dividing the remainder equally between the grantor's wife and his daughter.

When the daughter attained the age of twenty-one years one-third of the trust estate was to become hers absolutely, the other two-thirds to remain in the hands of the trustee, the income to be distributed as above stated during the lives of the grantor and his wife. On the death of either another third of the estate was to become the absolute property of the daughter, and upon the death of both the grantor and his wife the daughter was to have the whole estate.

Two days thereafter Birdsall's wife executed to the same trustees a like deed of trust of all her property, both real and personal.

*Held,* that as the primary object of each deed, or one of the primary objects thereof, was to transfer the property of the grantor to trustees, in trust for the support and maintenance of such grantor, it was void, under 2 Revised Statutes (135, § 1), as against the creditors, so far as that particular trust was concerned, but was valid, as against the creditors of the grantor, so far as the trusts for the benefit of others were concerned.

That the trusts which were valid did not fail, because the instrument creating them also contained a trust that became invalid when the separate rights of creditors were invaded.

*Semble,* that a transfer does not come within the provisions of this statute, and is not made invalid thereby, where the use of the interest reserved to the grantor is merely incidental and partial, and is to vest or result after the execution of some active and lawful purpose for which the trust was primarily made.

APPEAL by the plaintiff William J. Sloan from a judgment of the Supreme Court, entered in the office of the clerk of the county of Otsego on November 23, 1886, with notice of an intention to bring up for review upon such appeal the said judgment, the decision of the court, its findings of law and fact, its refusals to find as

requested, and the whole thereof, and all the proceedings upon which they, or any of them, were founded.

*J. B. Holmes*, for the appellant.

*F. R. Gilbert*, for the respondents.

MARTIN, J.:

This was a creditor's action to set aside a trust deed made by the defendant Birdsall to the defendant McDonald and another as trustees. It was made on the 14th day of November, 1867, and conveyed all of the grantor's property, both real and personal, in trust: 1. To sell so much as should be necessary to pay all the just debts of the grantor. 2. To manage or sell the residue of the lands. 3. During the natural lives of the grantor and his wife, or the survivor of them, to dispose of the interest upon the net proceeds of the real and personal property by first paying the grantor an amount sufficient to clothe, support and maintain him, and such other allowance as the trustees should, in their discretion, deem proper, and by dividing the remainder equally between the grantor's wife and his daughter. When the daughter attained the age of twenty-one years one-third of the trust estate was to become hers absolutely, the other two-thirds to remain in the hands of the trustees, the income to be distributed as before stated during the lives of the grantor and his wife. On the death of either, another third of the estate was to become the absolute property of the daughter, and upon the death of both the grantor and his wife, the daughter was to have the whole estate.

On November 16, 1867, the defendant Estella B. Stoutenburgh, who was then the wife of the defendant Birdsall, gave a deed to the same trustees of all her property, both real and personal, in trust for the same purposes as were specified in the deed made by the defendant Birdsall.

The defendant McDonald and his co-trustee accepted the trust under both deeds and proceeded and continued to execute the same until 1868, when they were relieved therefrom and new trustees were appointed by the Supreme Court. Subsequently the trustees thus appointed were in turn relieved, and the defendant McDonald was again appointed by that court as sole trustee to carry out the trust created by said deeds, so far as the same then remained unexecuted.

Before the last appointment of the defendant McDonald, in an action in the Supreme Court, a decree was duly made and entered adjudging that one-third of the trust funds in the hands of the trustees belonged absolutely to the daughter of the grantors, and that the trust was ended as to that one-third. It was also further adjudged therein that the trust was ended as to the defendant Estella B. Stoutenburgh, then Estella B. Clark, and certain specified property in the hands of the then trustees was directed to be delivered to the daughter of the grantors, and certain other of the property in their hands was directed to be delivered to the defendant Estella B. Stoutenburgh. The trust as to the defendant Birdsall was, however continued, and the defendant McDonald was appointed as trustee to execute such trust; and said decree also provided that the said trustee should "pay to the said John I. Birdsall, for his board and clothing, such sum as in his discretion may be necessary for that purpose, and at such time or times as he may deem proper, not exceeding in any one year the net income of said estate."

The trust fund now in the hands of the defendant McDonald, as such trustee, consists of personal property of the value of between eight and nine thousand dollars, which was originally the personal property of the defendant Birdsall. The real purpose of this action was to procure the application of that fund, or the income thereof, to the payment of the plaintiff's judgment. The appellant claims that the deed given by the defendant Birdsall, at least as to the personal property thereby conveyed, was void as to subsequent as well as existing creditors, because it conveyed to the defendant McDonald and his co-trustee the grantor's personal property in trust for his own use. It is declared by statute that "all deeds of gift, all conveyances and all transfers or assignments, verbal or written, of goods, chattels or things in action, made in trust for the use of the person making the same, shall be void as against the creditors existing or subsequent, of such person." (2 R. S., 135, § 1.)

The Special Term held that this statute did not render the transfer in question void, even as to the personal property conveyed, for two reasons: First. Because the trust fund was not created by the defendant Birdsall alone. Second. Because it was not for the use of the grantor alone. This conclusion was based upon the cases of *Curtis* v. *Leavitt* (15 N. Y., 9), and *Shoemaker* v. *Hastings* (61 How., 79).

In the former case a trust deed was given to secure certain bonds that were issued by the North American Trust and Banking Company. The deed provided that the trustees named therein should, after selling or collecting the property transferred, pay the bonds issued by that company, and after the payment of such bonds and all costs and charges, the trustees should hold the bonds and mortgages assigned in trust for said trust and banking company and dispose of them as it should direct. In that case the court held that the trusts created by that deed were not void under the statute on the ground that it was a conveyance in trust for the use of the grantor, it being the opinion of the court that the statute applied only to conveyances, etc., primarily for the use of the grantor, and not to instruments for other and active purposes, where the reservations to the grantor were incidental and partial (page 295). This was all that was decided in that case. While there are certain expressions in the opinions delivered therein which, when not read in connection with the remainder of the opinion, might seem to uphold a somewhat different doctrine, yet, when the whole of the opinions on that branch of the case are read together they show quite clearly that the decision of the court was a fair epitome of the opinions delivered.

In the *Shoemaker Case*, a father sold two of his sons his farm and personal property, for which they agreed to pay a specified sum by paying the liens thereon and certain debts of the father, and also agreed to give him a mortgage for $1,000 and pay his two minor children $150 each when they became of age. In that case the court held that the transfer was intended as an actual alienation of the property, and did not fall within the condemnation of the statute.

The doctrine which may be fairly deduced from these cases is, that a transfer does not come within the provisions of this statute where the use or interest reserved to the grantor is merely incidental and partial, and is to vest or result after the execution of some active and lawful purpose for which it was primarily made, as is illustrated in the case of a chattel mortgage, assignment or pledge, as security for the payment of a debt and the like. Neither of those cases was like the case at bar, and in both the principle that a creditor could enforce his debts against any use or interest reserved by the grantor was expressly recognized.

In the case of *McLean v. Button* (19 Barb., 450) it was held that

a transfer of personal property, the consideration of which was the future support of the grantor, his wife and children, was within the statute and void as to the subsequent creditors. In *Young* v *Heermans* (66 N. Y., 381), where a transfer was in trust for the use of the grantor during his life, and for the payment of his debts after his death, it was held to be void under the statute. In *Wilson* v. *Robertson* (21 N. Y., 594), where an assignment appropriated the property of an insolvent firm to the payment of the individual debts of one of the parties, it was suggested by the court that it was void as a trust for the benefit of the assignors, or one of them. (See, also, *Kingsland* v. *Tompkins*, 5 Week. Dig., 378.)

An examination of this statute, and of the authorities bearing upon it, leads us to the conclusion that where the primary object, or one of the primary objects, of a conveyance is to transfer the property of the grantor to trustees, in trust for his own support and maintenance, it is within the statute and void as to creditors, so far as that particular trust is concerned, although it contains other trusts which are valid. We are of the opinion that the trust deed given by the defendant Birdsall was valid as between the parties, and as to all of the world except his creditors; and that it was also valid as to his creditors so far as the trusts for the benefit of his wife and daughter were concerned. The trusts that were valid did not fail, because the instrument creating them also contained one that became invalid when the superior rights of creditors were involved. (*Curtis* v. *Leavitt*, 15 N. Y., 124; *Scott* v. *Guthrie*, 25 How., 514; *Rome Exchange Bank* v. *Eames*, 4 Abb. Ct. App. Dec., 95.) But we are also of the opinion that, so far as it provided for the support of the grantor, the trust deed was within the statute, and void as to his subsequent creditors as well as existing ones.

The fact that, at or about the time of the execution of this trust deed by the defendant Birdsall, his wife made a similar trust deed for the same purposes and trusts, or that the trust deed by the grantor contained other trusts which were valid, does not relieve the conveyance by the defendant Birdsall from the operation of this statute. The doctrine that this statute can be rendered nugatory or ineffectual, either by procuring another to join with the grantor in creating a trust which is within its condemnation, or by joining

valid trusts with those that are declared to be void as to creditors, cannot, we think, be sustained.

As the appeal book shows that the property now in the hands of the trustee is personal property which originally belonged to the defendant Birdsall, and that, by the terms of the conveyance, he is entitled to his support from the income thereof, it follows that the income can be reached by his creditors. Section 1873 of the Code of Civil Procedure provides that the final judgment in a judgment-creditor's action "must direct and provide for the satisfaction of the sum due to the plaintiff out of any money, thing in action or other personal property belonging to or due to the judgment-debtor, or held in trust for him, which is discovered in the action."

The complaint was sufficient to justify the court in awarding the relief to which the plaintiff was entitled. "Under our present system of practice a plaintiff is not to be turned out of court, when an answer has been interposed, because he has prayed for too much or too little or for wrong relief." (*Murtha* v. *Curley*, 90 N. Y., 377.) We think the court erred in dismissing the plaintiff's complaint and that the judgment should be reversed.

Judgment reversed and a new trial ordered, with costs to abide the event.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment reversed on the exceptions and a new trial ordered, with costs to abide the event.