NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—March, 1885.

PRIVÉ *v.* FOUCHER.

*In the matter of the probate of the will of* ADRIEN PRIVÉ, *deceased.*

A Surrogate's court has no jurisdiction to determine the validity, construction or effect of a testamentary disposition of *real* property, upon an application for probate.

The statutory restrictions upon the validity of bequests to corporations, conditioned upon the survival of certain relatives of the testator, are not obviated or modified by the fact that the testamentary provisions are of a contingent nature, and only to be enjoyed in the event of the death of such relatives.

APPLICATION for the probate of decedent's will, made by Victor Foucher, the executor therein named; opposed by decedent's widow.

E. HUERSTEL, *for executor.*

L. RINDSKOPF, *for contestant.*

CARLTON C. RANDALL, *special guardian.*

THE SURROGATE. — Section 2624 of the Code of Civil Procedure empowers the Surrogate to determine the validity, construction and effect of any disposition of personal property contained in the will of a resident of this State, and executed within the State. The Surrogate has no jurisdiction to make such determination respecting a testamentary disposition of real property. Whether the decedent left any personalty does not clearly appear. Assuming that he did, I hold that his bequest to the French Benevolent Society is not subject to the limitations of L. 1848, ch. 319, § 6. That section declares that testamentary gifts to certain corporations shall fail to take effect, unless the execution of the instrument that bestows them shall have preceded, by at least two months, the death of its maker. The society in question was not, however, incorporated under the act of 1848, and is not within the restraints of that statute.

*Second.*—The testator left a wife and child, him surviving. It follows from this circumstance, by virtue of L. 1860, ch. 360, § 1 (made applicable to the French Benevolent Society by the act of March 13th, 1868), that the bequest to that corporation is effectual only to the extent of one half of this estate, after payment of debts. By the terms of the said act of 1868, this society is subjected to another restraint. It is prevented from taking, by devise or bequest, more than one fourth of this decedent's estate, by.

the fact that he left him surviving a lineal descendant, to wit, the daughter already mentioned. Although the interest that the society can take is of a contingent character, and can only be enjoyed in the event of the death of the daughter in the lifetime of the mother, or if the daughter shall survive the mother, then in the event of her dying before she shall attain thirty years of age,—that fact does not prevent or modify the operation of the statute. The *existence* of the wife and daughter is the circumstance under the act of 1860, and the *existence* of the daughter is the circumstance under the act of 1868, by which is determined the interest that a beneficiary is permitted, under the restrictions of those statutory provisions, to take in this estate.

Until a contingency shall arise, which will necessitate the practical application of this decision, the methods by which the interest of the French Benevolent Society can be practically ascertained need not be considered.