*In re* ELLIS' WILL.

(*Surrogate's Court, New York County.* January 2, 1889.)

</div>

WILLS—REVOCATION OF PROBATE—CONSTRUCTION OF WILL.

 Persons affected by a will, and duly cited by publication in proceedings for its probate, cannot, in a petition afterwards filed for its revocation, raise questions as to the validity and construction of its provisions, as they should have been litigated in the former proceeding, and their determination is unauthorized in proceedings under Code Civil Proc. N. Y. §§ 2647–2653, inclusive, which provide for such revocation under certain circumstances.

Petition by James Ellis and Annie F. Guider for the revocation of the probate of the will of Anthony Ellis, deceased.

*Clifford Boesse,* for petitioners. *Foster & Thompson, Daniel Daly, Bergen & Dykman, Richard O'Gorman, Robert J. Mahon, John J. Gleason, William Hildreth,* and *Field & Deshon,* for various respondents.

RANSOM, S. Assuming that the petitioners stand in the relation to the testator which they claim, and have a right to invoke the intervention of the court, they can, in the view I take of the matter, be entitled only to such relief as might be obtained in a proceeding for revocation of probate, brought under article 2, tit. 3, c. 18, Code Civil Proc. From the papers submitted by the petitioners, taken in connection with those filed in the proceeding in which the will was probated, it appears that the brother of the testator, whose children are the present applicants, died previously to the death of the testator. They were, therefore, proper parties to the proceeding for the probate of the will, and as such were duly cited by publication under the general designation of "heirs and next of kin of deceased, whose names and places of residence were unknown." The order for publication was based on a petition alleging the existence of such heirs and next of kin, and setting forth, in accordance with the requirements of section 2518 of the Code, the fact that after diligent inquiry their names, as well as their residences, could not be ascertained by petitioner. The court, having been satisfied with the sufficiency of the petition for the purpose, granted the order. The petitioners were therefore regularly

cited in the probate proceeding, as were also the two respondents who file answers attacking the validity of certain of the dispositions of the will. The petitioners are, of course, at liberty to avail themselves herein of the allegations in the petition as to the sufficiency of the execution of the will. Any question, however, affecting the validity of the provisions of the will, or their construction, they are, in view of what I consider to be the proper nature and scope of this proceeding, precluded from raising now. In the proceeding for the probate of the will was the proper place to present such question. Sections 2647 and 2653 of the Code, which, under the circumstances they mention, authorize the revocation of the probate of a will of personal estate, do not, nor does the title of which they form part, afford any warrant for determining, in the proceedings to which they relate, the validity, construction, or effect of any disposition of property made by a will. See note to section 2647, Code Civil Proc., (Throop's Ed.) The cases which have been cited by the applicants lend no support to the contrary view.