### In re FULLER'S WILL.

#### (*Surrogate's Court, Kings County.* March 4, 1889.)

1. WILLS—CONSTRUCTION—NATURE OF ESTATE.
   Testatrix bequeathed to her sister her "bank-book on B. Savings Bank, containing $2,500, also the $2,000 in Trust Co., corner C. and M. streets, the interest to be used for her son W., subject to her control, or some reliable member of her family. the principal to be used for him alone in later years, should he require it." *Held*, that a trust in the sister for the benefit of the son during his life was created, to use all the interest and so much of the principal as he should require, and that that part remaining unused upon the termination of the life-interest will become a part of the residuary estate.

2. SAME—PROBATE—DUTY TO CONSTRUE.
   Where the answer of one of the next of kin in a proceeding for probate puts in issue the validity, construction, and effect of the disposition of the estate, and alleges the provisions of the will to be void, it is the duty of the surrogate to construe the provisions so put in issue under Code Civil Proc. N. Y. § 2624, providing that if a party expressly puts in issue before the surrogate the validity, construction, or effect of any disposition of personalty, the surrogate must determine the question upon rendering a decree, unless the decree refuses to admit the will to probate for failure to prove certain matters; but under that section the surrogate has no jurisdiction to construe a provision disposing of real property.

In the matter of the probate of the last will and testament of Rhoda Fuller, deceased., Code Civil Proc. N. Y. § 2624, contained in the article relating to "probate of a will, and grant of letters thereupon," provides that "if a party expressly puts in issue before the surrogate the validity, construction, or effect of any disposition of personal property contained in the will of a resident of the state, executed within the state, the surrogate must determine the question, upon rendering a decree, unless the decree refuses to admit the will to probate by reason of a failure to prove any of the matters specified in the last section," viz., that the will was duly executed, and that testator was competent, and not under restraint.

*Amos G. Hull,* for proponent.     *William K. Hall,* for contestant.

ABBOTT, S.   The objections raised by the contestant, Luther M. Fuller, to the probate of the will, on the ground that the testator failed to declare the instrument propounded for probate to be her last will and testament to the subscribing witnesses are clearly without foundation, if not frivolous.   I accordingly admit the will to probate.   As to that part of the answer of Luther M. Fuller which put in issue the validity, construction, and effect of the disposition of testator's estate, and the allegations that the provisions of the will are invalid and void, I am of the opinion, upon the authority of *Jones* v. *Hamersley,* 4 Dem. Sur. 427, that it is the duty of the surrogate, under section 2624 of the Code of Civil Procedure, to construe the provisions of the will so put in issue.   It is clear that, if the provisions of the will are for any reason invalid and void, Luther M. Fuller, as next of kin, would have such an interest in the personal estate of the testator as would entitle him to share in the same under the statute of distributions.

I think that all of the objections raised by the contestant are without foundation, and, like the objections to the admission of the instrument to probate, frivolous.   The designation of all the institutions in which the funds of the testator were deposited is clear and explicit, and the intent of the testator with reference to each of the funds is clearly expressed, and cannot be misunderstood.   I therefore decide that the provisions of the will referred to in

the first, second, third, fifth, and sixth paragraphs of the answer, putting in issue the validity of the will, are valid, and sufficiently definite and certain. The fourth paragraph of the answer refers to a disposition of real property which the surrogate has no jurisdiction to construe under section 2624 of the Code.   The only part of the will as to which there can be any possible doubt is that embraced in the following language: "To my dear sister, Lydia F. Brinkerhoff, wife of Aaron B., of Brooklyn, N. Y., I will my bank-book on Brooklyn Dime Savings Bank, containing $2,500, also the $2,000 in Trust Company, corner Clinton and Montague streets, the interest to be used for her son, William H. Brinkerhoff, subject to her control, or some reliable member of her family, the principal to be used for him alone in later years, should he require it."   In construing the will of a deceased person, the one and only subject to be determined is what is the testator's intent, as expressed in the testamentary document.   From the above quotation it is very evident that the testator desired that William H. Brinkerhoff should enjoy the income derivable from the two funds specified and the principal, if he should require it, through or by means of his mother, Lydia F. Brinkerhoff.   Counsel for both proponent and contestant seem to agree upon the very reasonable and proper construction that the part of the will above quoted created a trust in Lydia F. Brinkerhoff for the benefit of William H. Brinkerhoff, during his life, to use all the interest of said fund, and so much of the principal as he should require; that portion of the principal remaining unused upon the termination of the life-interest will become a part of the residuary estate.   The question as to whether or not the trustee has applied to the use of William H. Brinkerhoff more than he required is one the determination of which must be postponed until the termination of the life-interest, upon the accounting of the trustee to the next of kin of the testator.   The bequest to Ella L. Cochrane is valid, the gift is absolute, and the time of payment only postponed.   In the event of her decease before attaining her majority, the legacy would pass to her personal representative.   I direct decree to be entered accordingly, with costs to the proponent, to be paid by the contestant, Luther M. Fuller, personally.