In the Matter of the Estate of JESSE B. SMITH, Deceased.

(*Surrogate's Court, Chautauqua County, Filed December* 18, 1891.)

WILL—CONSTRUCTION—JURISDICTION OF SURROGATE'S COURT.

    The Surrogate's Court has not jurisdiction to give judicial construction to wills on petition for letters of administration with will annexed in place of deceased executrix; but the question may be properly decided on judicial settlement of the accounts of such administrator, when appointed.

Proceedings for appointment of administrator with will annexed.

Walter L. Sessions, for petitioner and as special guardian for William Gaynor, minor, legatee; Van Dusen & Martin, for John Gaynor, legatee.

SHERMAN, S.—The petition for the probate of this will alleged that the deceased died at Harmony, Chautauqua County, December 13, 1889, leaving personal property not exceeding in value $2,500, and real estate not worth over $4,000. Deceased left no widow, but one niece, Mrs. C. C. Hawley, his only heir at law, and made his will dated November 28, 1889, and appointed said Emeline Gaynor, his housekeeper, sole executrix thereof, which will was duly probated February 3, 1890, and letters testamentary issued to her.

The following are the material portions of such will: "After all my debts are paid in full, I do then give and bequeath unto Emeline Gaynor, of the said town of Harmony, being now my housekeeper, all of my real and personal property of every name and nature that I may have at my decease. One thing amongst the property is hereby mentioned, to wit: the insurance that I have obtained on my life of two thousand dollars, in the Chautauqua Mutual Life Association; that is, two one thousand dollar policies that I now have and hold against said association on my life.

"It is also further understood that in the event of Emeline Gaynor dying before said Jesse B. Smith, then all of the above mentioned property is to go to William Gaynor, the son of Emeline Gaynor. It is also understood that when Emeline Gaynor dies whatever portion of said property that she has inherited from me and remains unspent of my property at her decease shall go to her said son William Gaynor, all except $500, which shall go to her son John Gaynor.

"Likewise I make, constitute and appoint Emeline Gaynor of the town of Harmony to be my executrix of this my last will and testament, hereby revoking all former wills by me made.

"In witness whereof I have hereunto subscribed my name and affixed my seal this 28th day of November, 1889.

"JESSE B. SMITH."

Emeline Gaynor died intestate September 6, 1891, and no administrator has been appointed of her estate. She left her surviving two sons, said William and John Gaynor, by a former husband, her only heirs-at-law.

She, as such executrix of the estate of Jesse B. Smith, deceased, made no inventory of the estate, and has never accounted, and such estate remains unsettled.

On October 5, 1891, John C. Lewis was duly appointed general guardian of the person and property of said William Gaynor, minor, now aged twelve years, and duly qualified. The petition for such appointment alleged the value of the personal property of such minor was about $500, and annual rents of his real property not over $125.

The petition for the appointment of said John C. Lewis as administrator with the will annexed of the estate of said Jesse B. Smith was made and filed October 5, 1891. No citation was issued upon such petition, but such general guardian and the petitioner herein and said John Gaynor and William Gaynor by his special guardian, W. L. Sessions, duly appeared personally and by counsel and asked the surrogate to give judicial construction to said will as to whether or not the testator gave all his property, real and personal, to Emeline Gaynor, now deceased, or only the use thereof during her life, and the balance to her said two sons William and John.

No one appeared for the estate of Emeline Gaynor, deceased, no administrator or executor of her estate having been appointed.

The persons so appearing claimed, and it was not denied, that all the debts owing by Jesse B. Smith at his death had been fully paid. I do not think that such claims are conclusive as to creditors, as the executrix had not advertised for claims and had not filed an inventory.

No objection was made to the appointment of John C. Lewis as such administrator, except that the will gave all the property

to said Emeline, and that therefore no such administrator was necessary.

I do not think that the Surrogate Court has jurisdiction to give construction to the will in this proceeding, even by consent and request of all parties interested. To do so would be a mere *brutum fulmen.* That Surrogate Courts have authority to construe wills on the judicial settlement of estates has been often held by the Court of Appeals and Supreme Court as incident to the authority expressly given to settle and make distribution of estates. Riggs v. Cragg, 89 N. Y. 479; Purdy v. Hayt, 92 id. 446; Du Bois v. Brown, 1 Dem. 317; *In re* Verplanck, 91 N. Y. 437; Matter of Thompson, 5 Dem. 117.

Section 2624 of the Code gives to Surrogate Courts full jurisdiction to construe wills on probate relating to personal property, and it has been held that sections 2622, 2623, 2627, 2629, 2481, subd. 11, and 2482, give Surrogate Courts authority to construe wills on probate relating to real estate. Matter of Marcial, 37 St. Rep. 569-576; Matter of Look, 22 id. 86; aff'd by Court of Appeals, 125 N. Y. 762, 36 St. Rep. 1010; Matter of Delaplaine, 5 Dem. 402, 8 St. Rep. 757.

The authority to appoint administrators with the will annexed by Surrogate Courts is granted by section 2643 of the Code in the several cases therein mentioned, of which this is one provided for, which section says that the surrogate *must,* upon application for such purpose, upon notice to be given to creditors and other persons interested, as the surrogate deems proper, issue letters of administration with the will annexed, as provided in subds. 1, 2, 3, 4 and 5 of such section.

I find no provision in the Code or statutes giving Surrogate Courts authority to construe wills in a proceeding like this, and I see no necessity for it in this case, as such construction can be given upon the final settlement upon service of notice upon all parties interested, including creditors and persons interested in the estate of Emeline Gaynor, deceased.

I, therefore, direct decree refusing to give such construction to the will of Jesse B. Smith, and appointing John C. Lewis

as administrator, with the will annexed, of such estate, without costs to either party in this proceeding at this time, he having duly qualified, reserving questions as to costs to the settlement of the estate.