IN THE MATTER OF THE PROOF AND PROBATE OF THE WILL OF CORNELIA L. SHRADER.

*Surrogate's Court — jurisdiction — it can construe bequests of personal estate only — it cannot pass upon a trust of real and personal estate inseparably connected — Code of Civil Procedure, sec. 2624.*

A testatrix, by her will, first devised all her property, real and personal, to trustees for the benefit of her children, with directions for a final payment of the principal to them. It then provided for the contingency that any of them should die leaving a wife and children. It then declared the disposition to be made if her children died without heirs. It did not appear, upon the proceedings for

the proof of the will, whether the personal estate was, or was not, sufficient to pay the debts of the testatrix.

*Held*, that as the will related to both real and personal estate, and as the disposition of both were inseparably connected, the surrogate had not jurisdiction, under section 2624 of the Code of Civil Procedure, giving to the surrogate in certain cases the power to determine "the validity, construction or effect of any disposition of personal property" contained in a will, to pass upon the terms of the trusts.

That the jurisdiction of the Surrogate's Court is limited, and it can exercise only statutory powers, and those incidental to the proper exercise of express powers.

APPEAL by J. Albert Shrader, and by Edward V. Shrader, by John D. Teller, his special guardian, next of kin, heirs-at-law and legatees named in the will of Cornelia L. Shrader, deceased, from a decree, entered in the office of the surrogate of Cayuga county on the 2d day of July, 1891, except from so much thereof as adjudged the will to have been properly executed and valid, and which admitted it to probate.

*Teller & Hunt*, for the appellants.

*C. G. Baldwin*, for the executor, respondent.

MACOMBER, J.:

No question arises upon this appeal touching the sufficiency and proof of the will, and of the disposing mind of the executrix. The appellants, at the time of the return of the citation, filed an answer which put in issue the validity, construction and effect of certain portions of the will, and went to trial thereon before the surrogate.

Section 2624 of the Code of Civil Procedure provides as follows : " But if a party expressly puts in issue before the surrogate, the validity, construction or effect of any disposition of personal property contained in the will of a resident of the State, executed within the State, the surrogate must determine the question upon rendering a decree, unless the decree refuses to admit the will to probate by reason of a failure to prove any of the matters specified in the last section."

The surrogate has, by rejecting or ignoring the second provision of the will, made a construction which the appellants deemed to be unfavorable to them. The first section of the will devised all of the property of the testatrix in this State, both real and personal, to trustees under a trust for the payment of the rents and profits and

interest to the appellants, who were her children, with a provision for the final payment of the principal over to them. The second item of the will was to the effect that, if any of the testatrix's heirs should die leaving a wife and children, and if, in the judgment of the trustees, the portion of the estate was "needed more for the maintenance and support of the other heir or heirs of my body, or their legal representatives, then my trustees shall retain the same in trust — as under firstly — or pay over the same to such heir or heirs, as hereinbefore stated, otherwise to be administered as under firstly of this instrument." By the third item it was provided that, if her children "die leaving no heirs, then all of my property and estate, both real and personal, shall be *divided*, share and share alike, to my surviving brothers and sisters, or their legal representatives." By the fourth provision she appointed two trustees of the will, namely, her sister Mary C. Hale and her brother William Seward Hale. Mary C. Hale having died, William Seward Hale is the surviving executor and trustee under the will.

Without construing or determining the effect of these several provisions of the will in question, we are of the opinion that the surrogate did not have jurisdiction to make any construction of the will, or to declare any provision thereof valid or invalid. The Surrogate's Court is one of well defined and limited, although of extensive jurisdiction. It can exercise only those powers which are given to it by statute, and such incidental powers as are required for the proper exercise of the powers expressly conferred. Unless, therefore, a warrant for the exercise of its jurisdiction of the particular case can be found in the statute, either expressly or by necessary implication, any judgment pronounced by that tribunal is void. (*Riggs* v. *Cragg*, 89 N. Y., 479 ; *Seamans* v. *Whitehead*, 78 id., 308.)

Until the enactment of this section of the Code of Civil Procedure, the Surrogate's Court had no power, on the probate of a will, to determine the validity of any of the provisions of the will, or to make any decree thereon, except either to admit it to, or reject it from, probate, save only that a special statute, relating only to the Surrogate's Court of the county of New York (chap. 359 of the Laws of 1870), conferred such power.

The will before us is one of both real and personal property. The deceased, at the time of her death, owned a house and lot in

Union Springs, in New York, and an interest in other real estate in the town of Elbridge, New York. Her personal property amounted to about three thousand dollars. It does not appear whether the personal estate would or would not be sufficient to pay her debts. The jurisdiction of the surrogate, at the time the will was offered for probate, to make any construction thereof, or to pass upon the validity or effect of any part thereof, is confined to "any disposition of personal property." In this case there is no disposition of personal property, except as it is connected with the disposition of the real estate of the testatrix. It would be impossible to separate the disposition of the personal property from that made of the real estate. They are essentially connected and not separable. The surrogate himself finds that the will is one of both real and personal property, and he attempts to make no restriction of his construction so as to confine it to the disposition made of the personal property alone. But we are of the opinion, under this section of the Code, and under the common-law limitation of the power of the Surrogate's Court, that the surrogate had no jurisdiction to make a construction of this will, or pass upon the validity of any of its parts, because there was no disposition of personal property independent of and separable from the disposition of the real estate.

It follows that so much of the decree as makes a construction of the will and passes upon the validity of any portion thereof should be reversed.

DWIGHT, P. J., and LEWIS, J., concurred.

That part of the decree of the surrogate of Cayuga county appealed from reversed, with costs of this appeal to both parties payable out of the estate.