(Surrogate's Court, Westchester County.   June, 1894.)

WILLS—VALIDITY—JURISDICTION OF SURROGATE.
  Code Civ. Proc. § 2624, authorizing the surrogate to construe any disposition of personal property in a will, applies only to a will which disposes of personalty independently of real estate.

Application for the construction of the will of Philip Morganstern, deceased.   Refused.

J. N. Goldbacher, for executors.
Farrington M. Thompson, special guardian.

COFFIN, S.   The facts that only three children were in existence at the making of the will, and that three were born subsequently, are conceded.   It is therefore claimed by the special guardian that under the provisions of 2 Rev. St. p. 65, § 49, as amended by Laws 1869, c. 22, the father died intestate as to these after-born children. It is well settled that a testamentary disposition to a class includes every person answering the description at the testator's death. That is construed by the courts to be the testator's intention, and they are thus deemed to be mentioned.   So, where a class is referred to, whether there is anything devised or bequeathed to them or not, all answering the description must be deemed to be mentioned.   It is not considered necessary, however, to elaborate this point, as it will presently appear that this court has no jurisdiction to determine it in this case.   Section 2624 of the Code authorizes the surrogate, where a party expressly puts in issue the validity, construction, or effect of any disposition of personal property contained in a will, to determine the question.   He is not here required to determine an issue as to any clause of the will disposing of personal property solely, which he might do, but of one embracing both real and personal, and so inseparably connected and blended as to prevent a construction as to one species of property without involving the other.   As the power to construe a will on the probate is one lately conferred upon the surrogate by statute, and is so far an enlargement of his jurisdiction, he cannot be permitted to go beyond it, and attempt to exercise a larger power than was intended to be conferred by the legislature.   In re Shrader, 63 Hun, 36, 17 N. Y. Supp. 273.   The request to construe is therefore refused.   Ordered accordingly.