(35 App. Div. 278.)

## In re AUSTIN'S WILL.

### AUSTIN et al. v. FRAZIER et al.

(Supreme Court, Appellate Division, Second Department.   December 6, 1898.)

1. WILLS—PROBATE—APPEAL.
     Since the only relief the supreme court can grant, under Code Civ. Proc.
     § 2588, on reversal of an order of the surrogate admitting a will to probate,
     is a trial of the issues by a jury, and since the parties can obtain this relief,
     as a matter of right, under section 2653a, providing for an action in the su-
     preme court to determine the validity of a will, an appeal should not be
     taken from an order of the surrogate admitting a will to probate.

2. SAME—VALIDITY—JURISDICTION OF SURROGATE.
     Under Code Civ. Proc. § 2624, providing that, if the validity of any dispo-
     sition of personal property in a will is put in issue before a surrogate, the
     question must be determined by him in his decree, unless the decree re-
     fuses to admit the will to probate, a surrogate has jurisdiction to de-
     termine the validity of a clause in a will which gives both real and per-
     sonal property, in so far as it relates to the personal property.

Appeal from surrogate's court, Kings county.

Petition by Charles Frazier and others, opposed by Thomas D. Austin
and others, for the probate of the will and codicils of Anna Schuyler
Austin, deceased.   From a decree admitting the will and codicils to
probate, the contestants appeal.   Modified and remanded.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

John A. Straley, for appellants.

Richard T. Greene, for respondent executors.

E. H. Benn, for respondent legatees.

GOODRICH, P. J.    The will of Mrs. Austin was executed December
23, 1886; the first codicil, May 25, 1893; the second codicil, April 11,
1895; and the third codicil, December 30, 1897.    The only actual con-
test of fact before the surrogate was the capacity of the testatrix to
execute the last codicil, and he held that "the testatrix possessed suffi-
cient testamentary capacity to execute the codicil which has been the
subject of this controversy, and it must be admitted to probate."    The
contestants appeal from the entire decree.

It appears that about three years before the execution of her will
Mrs. Austin had suffered a stroke of apoplexy, and had become para-
lytic.    The physician who attended her in the first attack was dead at
the time of the trial, but his brother, Dr. J. Lester Keep, who was her
physician for several years before her death, testified that she had two
other strokes of apoplexy during his attendance upon her; the latter
of them being some time prior to the date of the third codicil, prob-
ably in 1896.    She died in March, 1898.    During the latter part of
her life the testatrix was a helpless invalid, requiring the attendance of
a professional nurse; and her signature to the third codicil, though
made with a pen held in her hand, was made with the guiding hand of
her sister.    There was evidence tending to show both that she was
and that she was not mentally capable of making a will, but there is
sufficient evidence to sustain the decision of the learned surrogate as to

her testamentary capacity.    After a careful reading of the evidence, we can find no cause for differing from him in his conclusions,—all the more that the disposition of the estate seems to be in accord with natural affection, and the relationship of the testatrix and the beneficiaries; and, even if we were disposed so to do, no possible benefit could result to the contestants.    Indeed, it is difficult to discover any reason for appeals from any decision of a surrogate admitting a will to probate, in view of section 2653a of the Code of Civil Procedure, to which this court called attention in Re Beck's Will, 6 App. Div. 211, 39 N. Y. Supp. 810, affirmed in 154 N. Y. 750, 49 N. E. 1093, on the opinion of Mr. Justice Cullen.    In order to emphasize the uselessness of, and to discourage, such appeals, we take occasion to repeat the language of the opinion (6 App. Div. 216, 39 N. Y. Supp. 813):

"We think it proper to call the attention of the parties to the consideration whether it is now worth while to prosecute such appeals as the present one. By section 2653a of the Code of Civil Procedure (added in 1892), any person interested in a will may cause the validity of the probate thereof to be determined by a jury, in an action brought in the supreme court for that purpose.  Should we reverse the decree of the surrogate on the questions of fact in this case, the only relief we could grant the appellants would be to direct the trial of the issues by a jury.  Code, § 2588.  This relief or review the parties can obtain as a matter of right, under the section of the Code first cited, without an appeal."

In Re Merriam's Will, 136 N. Y. 58, 32 N. E. 621, the court held that the authority of the surrogate, under section 2624 of the Code of Civil Procedure, to inquire upon probate into the validity of a testamentary gift, is limited to bequests of personal property, and that he has no such jurisdiction as to a devise of real estate; that the surrogate has power to determine whether a will shall be admitted to probate as a will valid to pass real property, without giving to his decision the effect of an adjudication as to the validity of the devises in the will, and that no one is prejudiced by such decision; that it casts no cloud upon the title of the heirs at law; that, in any action or proceeding brought by them to recover possession of real property, they can safely rest upon their rights of heirship; and that the record of the probated will is only evidence of its due execution, and of the mental capacity and freedom from restraint of the testator, and not of the validity of the devises contained in it, in any tribunal where the title to the real property of the testator may be in issue.    Code Civ. Proc. § 2627.

It becomes necessary, however, to dispose of another question.    The will contained the following clause:

"All the rest, residue, and remainder of my estate, real and personal, I give and devise to my executors hereinafter named, in trust for the following purposes:  To receive the rents and profits of the real estate, if any, and the interest of the personal estate, and to pay and appropriate the same for the support, education, and maintenance of my grandchildren the children of my son D. W. Austin and his wife, Anna B. Austin, during the lifetime of said grandchildren; and upon the decease of said grandchildren I give, bequeath, and device [sic] the same to the legal heirs of said grandchildren."

There were living at the time of the death of the testatrix five children of her son D. W. Austin, and the clause was clearly a suspension of the absolute ownership of personal property for more than two lives in being at the death of the testatrix (2 Rev. St. [9th Ed.] p. 1857, § 1),

and was consequently void; and, indeed, this was conceded by the parties on the argument of the appeal. In the answer to the petition for the probate of the will presented to the surrogate, it was alleged that the will was "void as a testamentary disposition of said decedent's property," that the three codicils were "illegal and void" as such disposition, and, especially, that the third codicil was "not valid as such, and is illegal and void"; so that there was an issue as to the validity of the will and codicils.

Our attention has been called to In re Shrader, 63 Hun, 36, 17 N. Y. Supp. 273, in which the general term of the Fifth department held that where a will relates to both real and personal property, and the dispositions of both were inseparably connected, the surrogate had not jurisdiction, under section 2624 of the Code of Civil Procedure, to "make a construction of the will, or pass upon the validity of any of its parts." With this decision we cannot agree, as it is in direct conflict with the decision of the court of appeals in Re Kellum's Will, 50 N. Y. 298, 300, where the court held as follows:

"The position taken on the argument, that the provisions authorizing this revocation apply only in case the will relates solely to personal property, or be proved solely as a will of personal property, and that they do not apply where it has been proved as a will of both real and personal estate, is not sustained by any sound reason. If such were the true construction of the statute, but few cases could arise in which it would be available. The same instrument ordinarily disposes of both real and personal estate, and possesses a double character. In so far as it relates to personal property, it is a will of personal property, and all provisions of law relative to that description of will apply to it. If those provisions were applicable only to wills exclusively of personal property, then the sections relative to granting letters testamentary would be inapplicable where the will was proved as a will of real and personal property, for they are to be granted only when a will of personal property is admitted to probate."

These views render it necessary to modify the decree so far as to remit the proceedings to the surrogate to determine the validity of the clause of the will already cited.

Decree of surrogate admitting will to probate affirmed, and proceedings remitted to surrogate to determine the validity of the residuary clause, so far as it disposes of personalty, without costs of this appeal to either party. All concur.