In the Matter of the Judicial Settlement of the Accounts of RUTH HUNT, as Executrix, etc., of THOMAS HUNT, Deceased, Appellant.

ALLEN RATHBUN and IRA GIFFORD, Respondents.

*Will — gift to a widow of the income " and as much of the principal as she thinks proper" for her support and the care of an incompetent son — the widow's rights defined — accounting by the widow as executrix — right of a residuary legatee to require a supplemental account.*

Thomas Hunt, who was survived by his widow, Ruth Hunt, and by his son Chauncey, who, during his entire life, had been of unsound mind, left a will, providing, "I give and bequeath to my wife, Ruth Hunt, the income of all my estate, both real and personal, wheresoever it may be situated or located and as much of the principal as she thinks proper for her support and for the care which she shall give to our son Chauncey, with the privilege to dispose of the real estate if my wife thinks best to do so." Upon the decease of his wife he gave such rest, residue and remainder to Ira Gifford and Allen Rathbun in trust for the care of the son, and upon his widow's death and the death of his son he gave the balance of the estate then remaining to the said Ira Gifford and Allen Rathbun. The widow was appointed executrix.

Subsequent to the testator's death, the widow, who at the time the will was made was about seventy-two years of age, instituted a proceeding for a judicial settlement of her accounts as executrix, making the residuary legatee, Allen Rathbun, a party to the proceeding. In her account she charged herself with money received from the estate amounting to $47,473.93, and credited herself with various items aggregating $31,009.61, showing a balance in her hands of only $16,226.32.

Upon an appeal by the executrix from an order made at Rathbun's instance, directing her to file a supplemental account showing in detail her transactions with the principal of the estate, an itemized statement of all the income received and a statement in detail of all the payments made for the benefit of her son and for her own support, it was

*Held,* that the will did not confer on the testator's widow the absolute title, if she chose to accept it, to all the testator's estate;

That the income, and so much of the principal as she thought proper, were both given to her for the specific purposes mentioned in the will, to wit, for her own support and that of her son;

That as long as her expenditures of principal and income were fairly included within those purposes, they could not be questioned, but that she had no power to divert the income of the estate from the specific purposes mentioned in the will, and thereby make it necessary to resort to the principal for the accomplishment of those purposes;

That, under the circumstances, it was proper for the surrogate to make the order appealed from, in order that it might be ascertained whether any part of the estate had been diverted from the purposes specified in the will;

That Rathbun's contingent interest as a residuary legatee under the will was sufficient to entitle him to ask for a supplemental accounting by the executrix.

APPEAL by Ruth Hunt, as executrix, etc., of Thomas Hunt, deceased, from an order of the Surrogate's Court of Rensselaer county, entered in said Surrogate's Court on the 1st day of October, 1902, requiring said executrix to file a supplemental account.

Thomas Hunt, the husband of Ruth, died in 1889 leaving a will which was proven in December of that year. The provisions of the will, so far as material upon this appeal, are as follows : " I give and bequeath to my wife, Ruth Hunt, the income of all my estate, both real and personal, wheresoever it may be situated or located and as much of the principal as she thinks proper for her support and for the care which she shall give to our son Chauncey, with the privilege to dispose of the real estate if my wife thinks best to do so. And upon the decease of my said wife I give such rest, residue and remainder to Ira Gifford and Allen Rathbun in trust to use all the income and as much of the principal as they think best for the support and maintenance and care of my son Chauncey for and during his natural life, in his usual way of living, with good and comfortable clothes and good and wholesome food. Upon the decease of my said son Chauncey, if my said wife shall have been deceased, I give and bequeath all my said estate as follows : To my brother-in-law, Ira Gifford, and my nephew, Allen Rathbun, share and share alike. * * * I nominate and appoint my wife, Ruth Hunt, executrix of this my last will and testament, as long as she shall live and upon her decease, I appoint my said brother-in-law, Ira Gifford, and my said nephew, Allen Rathbun, executors of the said fund so above bequeathed and trustees."

Besides his widow the testator left surviving his son Chauncey, who during his entire life has been a person of unsound mind. He has always lived with and been cared for by his parents so long as they both lived and by his mother since the death of his father. The testator left a farm upon which he and his family resided and a personal estate shown by the inventory filed by the widow as executrix to be of the appraised value of $43,973.93. The farm of the testator has been sold by her for $3,500, and upon her account as executrix she has charged herself with that amount in addition

to the amount of the inventory, making a total of $47,473.93, and has taken credit for various items amounting in the aggregate to $31,009.61, showing a balance in her hands of only $16,226.32. The residuary legatee Rathbun filed numerous objections to the account, and the surrogate thereupon made the order for a supplemental account which the executrix has appealed from.

*John H. Peck,* for the appellant.

*James Lansing,* for the respondent Rathbun.

*Charles O. Pratt,* special guardian for Chauncey Hunt.

CHESTER, J.:

The contention of counsel for testator's widow that, under the will, she takes an absolute title to the estate of her husband if she thinks proper to accept it, does not, in my opinion, find any support in that instrument.

The testator does not in express terms give anything to her absolutely, but gives her the *income* of all his estate and as much of the principal as she thinks proper for her support and for the care which she shall give to their son. The language of the will in this respect is plain and the testator's intent is reasonably clear. The income and as much of the principal as she thinks proper are given her, but *both* are given for specific purposes, and these are, *first,* for her support, and, *second,* for the care which she shall give to the son. So long as her expenditures of income and principal are fairly within the purposes mentioned in the will they cannot be questioned, for her power to so expend appears to be unlimited, but the purposes being clearly specified, she has no right to divert the income to other uses than those specified in the will, thereby making resort to the principal necessary for her support and for the care of the son. That this construction is correct is also apparent from the circumstances existing at the date of the will and from the trust created therein for the benefit of the son upon the death of the widow. When the will was made she was about seventy-two years of age, having in the course of nature but a few years to live. The son was then about forty-five. He was, and probably always would be, unable to care for himself by reason of his feeble mental condition.

He had always lived with and had been cared for by his parents. Provision was made for his care by the widow after the death of the testator and by trustees after her death. The testator was solicitous not only for the support of the wife, but for the care of the son. It cannot be that it was his intention to permit his wife, under the power he had given her to use the principal of the estate, to divert it from the purposes mentioned in the will, so that upon her death there would be nothing, or but little, left for the benefit of the son. That this was not his purpose is clearly shown by the will whereby, upon the decease of his wife, he gives the residue of his estate to Gifford and Rathbun in trust to use all the income and as much of the principal as they think best for the support, maintenance and care of the son.

The surrogate, in the order appealed from, has required the executrix to file a supplemental account showing in detail her transactions with the principal of the estate, an itemized statement of all the income received and a statement in detail of the payments made for the benefit of the son and for her own support. If the provision requiring a statement of expenditures for the benefit of the son and for her support was an attempt to procure an accounting by the widow of her expenditures of income as a life tenant it could not be upheld, but that is not the purpose of the order. The claim is that the estate has been used by the executrix for purposes not authorized by the will, and the fact that she is a life tenant entitled to use the income and as much of the principal as she thinks proper for the purposes mentioned in the will cannot shield her from an accounting in her trust capacity so that her management of the estate as executrix and its condition may be shown. I think under the circumstances appearing here the order appealed from was properly made in order that it may be ascertained if any part of the estate has been diverted from the purposes specified in the will.

It is also urged that the respondent Rathbun has no such present interest in the estate as to justify the further account at his instance. He was recognized as having an interest by the executrix, in her petition for an accounting and by her citing him to attend upon it. He has a contingent interest as a residuary legatee under the will. Under the Code of Civil Procedure (§ 2727) " a person interested in the estate " can make an application to compel a judicial settle-

ment of the accounts of an executor, and the expression " person interested," where it is used in connection with an estate, includes a person entitled contingently to share in the estate as legatee. (Id. § 2514, subd. 11.) If, as appears clear, Rathbun has such an interest as to give him a right to compel the executrix to account in the first instance, his interest will also qualify him to ask for a supplemental account when brought into court upon the citation of such executrix to attend her accounting.

The order should be affirmed, with costs to the respondent Rathbun to be paid out of the estate.

All concurred.

Order affirmed, with ten dollars costs and disbursements to the respondent Rathbun to be paid out of the estate.