(59 Misc. Rep. 310.)

## In re DAVIS' WILL.

(Surrogate's Court, Cattaraugus County. May, 1908.)

1. WILLS—CONSTRUCTION—SURROGATE'S JURISDICTION.

Code Civ. Proc. § 2624, provides that, where the validity, construction, or effect of a testamentary disposition of personal property contained in the will of a resident of the state to put in issue before the surrogate, he must determine the question on rendering a decree. *Held*, that where a will relates to both real and personal property and the disposition of both is inseparably connected, the surrogate is authorized to construe the provisions of the will on an application for probate, but only so far as they relate to the personal estate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 523.]

2. SAME—CONSTRUCTION—LIFE ESTATE—POWERS.

Testator devised and bequeathed to his wife for life the use and control of all his estate, real and personal, with power to use, for her own use and to support testator's children, so much of the principal as she should elect to use "in all respects the same as though said estate and property were her own individual estate." Testator also gave his widow, as executrix, power to sell the real and personal property, and at her death bequeathed the property remaining to his children then living. *Held*, that the widow took a life estate only with power to use the principal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1418–1430.]

Application for the probate of the will of Henry J. Davis, deceased, and to construe the will. Granted.

Fred C. Ryder, for petitioner.
Charles E. Congdon, special guardian, in pro. per.

DAVIE, S. The will of the decedent, bearing date February 20, 1903, now presented for probate, contains the following provision:

"Second. I give, devise and bequeath unto my wife, Caroline Davis, the entire use and control of all my property and estate, both real and personal, and of every name, nature and description during the period of her natural life; with full power to her, to use from the principal of my estate for her own use and benefit and for the benefit and support of any or all of my children, so much thereof as she shall elect so to use, in all respects the same as though said estate and property were her own individual estate.

"Any and all of my said property and estate, left at the death of my said wife and not used or expended by her under the powers contained in the last foregoing provisions of this will, I give, devise and bequeath unto such of my children as shall be living at the death of my wife, to be divided between such children equally, share and share alike.

"For the purpose of the management of my said estate and carrying out the provisions of this will I do hereby fully authorize and empower my executrix to sell and convey any and all real estate of which I may die seized and possessed and to execute proper deed or deeds of conveyance ·thereof as fully and with like power and effect as I might do if living and to sell and convey such real estate whenever and at any time she may elect so to do, also with power to sell and dispose of my personal property at any time she may elect.

"Lastly, I hereby appoint my wife, Caroline Davis, executrix of this, my last will and testament; hereby revoking all former wills by me made."

No controversy arises in regard to the testamentary capacity of the testator, nor in relation to the formal execution of the will; but the executrix and legatee, Caroline Davis, asks for a construction of the

clause of the will above quoted, under the provisions of section 2624 of the Code, claiming that such provisions give her the absolute and unrestricted title to and ownership of all the property, real and personal, of which the decedent died possessed. Some of the children of the testator are minors, appearing in this proceeding by their special guardian, claiming that under the provisions of the will the widow takes simply a life estate, with the power of using such portion of the principal as may be necessary for her support and maintenance and for the maintenance of the children, and that the reversion goes to the children of the testator, share and share alike.

The first question relates to the jurisdiction of the Surrogate's Court to construe this provision, inasmuch as it relates to both real and personal estate. The provisions for the disposition of the real estate are inseparable from those relating to the personal property. By the phraseology of the will the two species of property are commingled, and the provisions for their disposition relate alike to each; and it is apparent that the Surrogate's Court possesses no power to construe the will, in connection with probate, so far as it relates to the real estate. Does this intermingling of the two by the disposing clauses of the will deprive the surrogate of the jurisdiction to make construction in relation to the personal estate, Section 2624 of the Code provides that:

"If a party expressly puts in issue, before the surrogate, the validity, construction, or effect of any disposition of personal property, contained in the will of a resident of the state, executed within the state, the surrogate must determine the question upon rendering a decree."

This provision relates exclusively to proceedings for probate, and, while there are many instances where the Surrogate's Court, as a necessary incident to distribution, possesses quite extended powers to construe a will upon judicial settlement, such incidental powers do not extend to proceedings for probate.

In the Matter of Shrader, 63 Hun, 36, 17 N. Y. Supp. 273, where the provisions of the will were similar to those above quoted, McComber, J., in the opinion says:

"In this case there is no disposition of personal property, except as it is connected with the disposition of the real estate of the testatrix. It would be impossible to separate the disposition of the personal property from that made of the real estate. They are essentially connected, and not separable. The surrogate himself finds that the will is one of both real and personal property, and he attempts to make no restriction of his construction so as to confine it to the disposition made of the personal property alone. But we are of the opinion under this section of the Code, and under the common-law limitations of the powers of Surrogate's Court, that the surrogate had no jurisdiction to make a construction of this will, or pass upon the validity of any of its parts, because there was no disposition of personal property independent of and separable from the disposition of the real estate."

If this decision were the only one bearing upon this question of jurisdiction, we might readily apply it to the case under consideration, but a little investigation shows a variety of authority upon this subject. In Matter of Morgenstern, 9 Misc. Rep. 198, 30 N. Y. Supp. 215, it was said that on proceedings for accounting the Surrogate's Court might construe a provision like the one under consideration, and

that, by several well-considered cases, this power was applicable to probate proceedings. In Matter of Marcial (Surr.) 15 N. Y. Supp. 89, the surrogate asserted jurisdiction on probate to construe the provisions of a will relating to both real and personal estate. The conclusions reached in the Marcial Case were applied in Matter of Smith (Surr.) 18 N. Y. Supp. 174. In Matter of Lampson, 22 Misc. Rep. 198, 49 N. Y. Supp. 576, the surrogate claimed jurisdiction to construe the will so far as it related to personal estate, but not as to the real estate. In that case the estate consisted of about $400,000 personal and $125,000 real, and all thereof was given to Yale College upon certain trust conditions, aside from $35,000. In Matter of Austin, 35 App. Div. 279, 55 N. Y. Supp. 52, it was distinctly held that where a will relates to both real and personal estate, and the disposition of both are inseparably connected, a surrogate has jurisdiction, under section 2624 of the Code, to give a construction to the will. In that case the clause under consideration was as follows:

"All the rest, residue and remainder of my estate, real and personal, I give and devise to my executors hereinafter named, in trust, for the following purposes, to receive the rents and profits of the real estate (if any) and the interest of the personal estate, and to pay and appropriate the same for the support, education and maintenance of my grandchildren, during the lifetime of said grandchildren and upon the decease of said grandchildren I give, bequeath and devise the same to the legal heirs of said grandchildren."

In the opinion in the case last cited Goodrich, P. J., says:

"Our attention has been called to Matter of Shrader, 63 Hun, 36, 17 N. Y. Supp. 273, in which the General Term of the Fifth Department held that where a will relates to both real and personal property, and the dispositions of both were inseparably connected, the surrogate had not jurisdiction, under section 2624 of the Code of Civil Procedure, to 'make a construction of the will or pass upon the validity of any of its parts.' With this decision we cannot agree, as it is in direct conflict with the decision of the Court of Appeals in Matter of Kellum, 50 N. Y. 298."

In the Kellum Case the court points out the distinction between the effects of probate so far as the will relates to real estate and as to personal property. Rapallo, J., in the opinion says:

"A will may be proved at one and the same time, both as to real and personal property. The effect of the probate differs, however, as to each class of property. As to the real estate, the probate is not conclusive either as to the validity or due execution of the will; but in respect to dispositions of personal property contained in a will the rule is different. Its admission to probate as a will of personal property is conclusive as to its validity until such probate be reversed on appeal or revoked by the surrogate, in the manner provided by the statute, or the will be declared void by a competent tribunal."

The conclusion reached in the Austin Case above cited does not disregard this distinction. It is to the effect that the surrogate may construe a will, so far as it relates to personal estate, although not as to real estate, even where the disposing provisions of the two classes of property are one and inseparable. No reason is apparent why this should not be done. The construction of the terms of the will relating to the personal estate in no manner affects the disposition of the real estate or the rights or remedies of any person entitled to the same. The representative of the estate as a matter of expediency should know

at the earliest possible period in the administration his rights and obligations in regard to the personal estate. The statute therefore gives the representative or any other party interested in the estate the right to ask, in connection with probate, for a construction of any ambiguous or uncertain provision relating to personal estate. To this extent the surrogate has jurisdiction. Farther than this no jurisdiction exists, because of the radical difference in the effect of probate upon real and personal estate, as above pointed out. The determinations reached in the Austin Case are much more logical, more in harmony with the apparent purpose and intent of the statute (section 2624, Code) and more conducive to expeditious administration of the personal estate than is the rule laid down in the Shrader Case above referred to. It will accordingly be held in this case that the surrogate has jurisdiction to construe the provisions of the will quoted, so far as they relate to the personal estate, and no further.

In testamentary construction the intention of the testator should be ascertained and effectuated as far as possible. It is entirely apparent from the phraseology employed that the testator in this case did not intend to make an absolute and unqualified gift of all his estate to the wife. The first paragraph of the portion of the will quoted clearly gives the wife a life estate in both the real and personal estate. In addition to such life estate, she is also given the power to use such portion of the corpus of the estate as might be required for the purposes therein specified. The words, "in all respects the same as though said estate and property were her own individual estate," were not designed to change the life estate, created by the first paragraph, to an absolute and unqualified estate. They were evidently used by the testator to give to the wife a wide discretion in the exercise of the power over the corpus of the estate. In Matter of Hunt, 84 App. Div. 159, 82 N. Y. Supp. 538, the provision of the will under consideration was as follows:

"I give and bequeath to my wife, Ruth Hunt, the income of all my estate, both real and personal, wheresoever it may be situated or located and as much of the principal as she thinks proper for her support and for the care which she shall give to our son Chauncey, with the privilege to dispose of the real estate if my wife thinks best to do so."

Upon the decease of the wife, the residue of the estate was given to trustees for the support of the son; and, upon the death of the widow and of the son, the remainder was given absolutely to the persons who were named such trustees. It was held that this provision of the will did not confer upon the widow of the testator absolute title, if she chose to accept it, to all the testator's estate; but that the income and so much of the principal as she thought proper were both given to her for the specific purposes mentioned in the will, to wit, for the support of herself and son. This decision was affirmed upon appeal to the Court of Appeals, 179 N. Y. 570, 72 N. E. 1143, and is so nearly parallel to the one under consideration that other citations are unnecessary. The decree to be entered in this proceeding will contain a provision construing the portion of the will quoted as giving to the widow the use during life of all testator's estate, both real and personal, and, in addition thereto, the right and power of using so much of the corpus

of the estate as she deems proper for her own support and the maintenance of the children, and that the residue of the estate, whatever it might be, should pass, under the provisions of the residuary clause, viz.:

"Unto such of my children as shall be living at the death of my wife, to be divided between such children equally."