### In re HILLIARD'S ESTATE.

(Surrogate's Court, New York County.   June 1, 1916.)

WILLS ☞479—SETTLEMENT OF ESTATES—CONSTRUCTION OF WILL.
Under Code Civ. Proc. § 2510, giving the surrogate jurisdiction to construe wills, the surrogate cannot construe a will in an accounting proceeding, unless such determination is necessary.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1000–1003; Dec. Dig. ☞479.]

In the matter of the estate of Caroline G. Hilliard.   Application for construction of will.   Application denied.

Cornelius C. Beekman, of New York City, for executors.
George S. Ludlow, of New York City, for Ernest G. Hilliard.
Louis B. Hasbrouck, of New York City, for Carrie H. Walker.

FOWLER, S.   The surrogate has authority to construe a will in an accounting proceeding only when it is necessary to make such determination.   Section 2510, C. C. P.; Garlock v. Vandervort, 128 N. Y. 374, 28 N. E. 599.   The rule is well stated in Washbon v. Cope, 144 N. Y. at page 295, 39 N. E. at page 390, where it is said:

"As a general rule, the surrogate has no jurisdiction to construe the provisions of a will, except in, so far as it is necessary for him so to do in order that he may properly perform some other duty" (citing Mellen v. Mellen, 139 N. Y. 210, 34 N. E. 925).

In Re Davis, 105 App. Div. 226, 93 N. Y. Supp. 1004, the court is explicit on the same point.   This application does not fall under the new sections creating a court of construction in this tribunal.   There seems to be no present necessity for any construction, and therefore it ought not to be undertaken.   See Peckham, J., Horton v. Cantwell, 108 N. Y. 269, 15 N. E. 546.

The application for construction must therefore be denied at this time, without prejudice.   The accounting decree may be settled on the usual notice.