(96 Misc. Rep. 414)

### In re SMITH.

### In re LOSEA'S ESTATE.

(Surrogate's Court, New York County. July 3, 1916.)

1. STATUTES ⚖️225—CONSTRUCTION—STATUTES IN PARI MATERIA.

In determining the powers of a surrogate, under Code Civ. Proc. § 2615, prior statutes in pari materia should be considered.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 302, 303; Dec. Dig. ⚖️225.]

2. COURTS ⚖️200½—CONSTRUCTION OF WILLS—POWERS OF SURROGATE.

Under his power to construe wills, conferred by Code Civ. Proc. § 2615, the surrogate cannot construe a will involving legal title to real property, for landholders are entitled to trial by jury.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 479; Dec. Dig. ⚖️200½.]

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. WILLS ⬡⟺479—CONSTRUCTION OF WILLS—POWERS OF SURROGATE.

Under his power to construe a will, conferred by Code Civ. Proc. § 2615, the surrogate cannot construe a will relating to personalty, unless such construction is necessary in connection with some other proceeding before the surrogate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1000–1003; Dec. Dig. ⬡⟺479.]

4. COURTS ⬡⟺200½—CONSTRUCTION OF WILLS—RIGHT OF SURROGATE.

Where the validity of the disposition of real and personal property cannot be separated, the surrogate cannot, under his power to construe wills, conferred by Code Civ. Proc. § 2615, construe such instrument.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 479; Dec. Dig. ⬡⟺200½.]

In the matter of the application of Mildred Ella Smith, an infant, by Russell F. Thomas, her general guardian, for the construction of the last will and testament of George J. Losea, deceased. Application denied.

Hornblower, Miller, Potter & Earle, of New York City (Charles A. Boston and George S. Hornblower, both of New York City, of counsel), for petitioner.

Stewart & Shearer, of New York City, for executor.

Frank B. Washburn, of New York City, special guardian.

Edward J. Flanagan, of Brooklyn, for respondent Emma J. Losea.

FOWLER, S. [1] This is a petition for construction under section 2615, C. C. P. The construction is not sought in a probate proceeding, under former section 2624, C. C. P. of 1913, but under the new portions of section 2615, C. C. P. of 1914, constituting the first and second paragraphs thereof. Emma J. Losea, one of the respondents, denies the jurisdiction of this court. This challenge of the jurisdiction compels the surrogate to determine his right to proceed, and consequently, the nature of the power of construction intended to be reposed in the surrogate by the new legislation of 1914, and also to determine when construction is properly invoked and duly exercised.

The property passing under the will is mainly personal property, but there is, I understand, at least one parcel of real estate devised and involved by the petition in the construction. It is not, however, described in the petition either by metes or bounds or otherwise. As to the real estate, counsel for petitioner now suggests that the petition "be treated as an application for the construction of the will with respect to the personal property only" if there is doubt about the court's jurisdiction to pass on the legal title to real property in this informal way. I think for the reasons stated generally by me in Matter of Catlin, 89 Misc. Rep. 93, 151 N. Y. Supp. 254, that there is doubt, and therefore I shall as requested regard the petition as limited to the personal property passing under the will.

That it was intended by the Legislature to confer on Surrogates' Courts in this state the powers of courts of construction is apparent from section 2615 (present Code of Civil Procedure). But as the new legislation does not prescribe the cases or conditions for the exer-

cise of such jurisdiction the new section must be construed in accord-ance with well settled principles laid down by our courts in reference to acts in pari materia, or else it must be construed with reference to rules laid down in other courts of construction. This is a fundamental principle of construction applicable to legislative acts generally. The Revised Statutes of 1830 (vol. 2, p. 312) contained provisions looking to the determination by the court of claims to real property. In 1853 (chapter 238) an act entitled "An act relative to disputed wills" was passed authorizing the judicial determination of the validity of de-vises in the same manner which the validity of deeds could be deter-mined. This act of 1853 ultimately became section 1866 of the pres-ent Code of Civil Procedure. This legislation has been extensively construed and the decisions I think afford a criterion for the true con-struction of section 2615 of the present Code and must be applied in any construction of section 2615, C. C. P.

[2] In matter of Harden, 88 Misc. Rep. 420, 150 N. Y. Supp. 743, I expressed, not quite satisfactorily to myself, my own view of the new legislation creating a forum of construction in the Surrogate's Court. That the jurisdiction conferred is subject to limitations not there expressed I do not doubt. Some of such limitations are ap-parent. There must be a necessity shown for immediate construction in the petition itself before the court can proceed to a construction. If the legal title to real property is involved, the surrogate cannot con-strue the will, as legal titles require a trial in pais and there is no proper provision in the Surrogates' Law of 1914 for trial by jury in proceedings involving legal titles to land. Legal titles may not be di-vested in a naked proceeding for the construction of a will. Legal titles can be tested and defeated only in courts possessed of common law jurisdictions. A man is protected in his freehold by trial by jury in a proper forum. This point needs no citation of authority.

[3] The surrogate's power under section 2615 C. C. P., to construe bequests or wills passing personal property only is also subject to limitation. I think a petition for construction, which fails to show any present necessity for construction as an auxiliary to other com-petent relief sought in the proceeding, is insufficient on its face. There must, in other words, be some real contention going on in this court to the solution of which a construction is immediately essential. Other-wise the surrogate cannot construe the will. He cannot proceed to a construction suo motu, or simply because the parties desire it. No oth-er court of construction ever proceeded to construe a will unless good and sufficient ground was disclosed in the pleading. In Matter of Hil-liard's Estate, 160 N. Y. Supp. 514, and in Matter of Spingarn, 159 N. Y. Supp. 605, I cited the leading cases in this state, holding that a court of construction has power to construe a will only when it is necessary to the discharge of some other jurisdictional duty, and that the power of a court of construction to construe wills was primarily dependent on its jurisdiction over trusts. The grant to the surrogate of jurisdiction to construe wills cannot possibly confer on him greater or more plenary powers of construction than those hitherto vested in courts of construction, such as courts of chancery and other courts of

equity, and yet the exercise of jurisdiction to construe by these courts was always bounded by the limitations already indicated above.

[4] Where the validity of dispositions of real and personal property cannot be separated the surrogate cannot proceed to construction (In re Shrader's Will, 63 Hun, 36, 17 N. Y. Supp. 273), even by consent of counsel. Nor can consent per se confer jurisdiction on this court to proceed to a construction where construction is precluded by rules of law. Matter of Walker, 136 N. Y. 20, 32 N. E. 633.

No real necessity for a construction of the will is in this matter disclosed in the petition. The most that is disclosed is that it would be highly convenient. But this is not enough. Courts cannot proceed to adjudicate rights of parties under written instruments unless there is a real jurisdictional dispute about the rights flowing from such instrument of which the court has jurisdiction.

It ought not to be presumed that the Legislature intended to authorize one, having no active or present grievance to be redressed, to walk informally into a Surrogate's Court and upon a mere naked petition for construction, showing no sufficient cause, to obtain from the court a decree which would ex necessitate rei divest a citizen of rights of property or translate such rights from one to another. Such a procedure would be contrary to all systems of judicature, and especially opposed to the course of the common law. This was the conclusion of the English courts on a like statute, as I showed in Matter of Harden, 88 Misc. Rep. at page 424, 150 N. Y. Supp. 743.

But to go further: The Legislature cannot justify such a proceeding without an amendment to the Constitution. The Surrogates' Courts cannot under our present form of government be converted by the Legislature into a mere court of consultation or a court to facilitate the solution of contingent difficulties which may arise in futuro or in the course of the administration of estates. The Legislature cannot, indeed, compel or empower courts of justice to undertake ministerial or nonjudicial duties, as I had occasion to demonstrate by authority in a late proceeding in this court to which I refer. Matter of Spingarn, 159 N. Y. Supp. 605. Now, every judgment based on a state of facts which is hypothetical or contingent or non-existent at the moment is a nonjudicial, or, in other words, a ministerial act and of no binding force and effect in future litigations even between the same parties. Matter of Spingarn, supra.

For all the reasons stated the petition is dismissed, but without prejudice to a renewal of the application in this court whenever it becomes necessary to construe the will in any pending proceeding, and without prejudice to any action in any other court of competent jurisdiction.