In the Matter of the Estate of BARBARA BOWMAN, Deceased.

Surrogate's Court, Oneida County, May 29, 1936.

*Arthur & Arthur*, for the executor.

*Joseph A. Page*, for Clara B. Hart, a legatee.

*Francis J. Lawler*, special guardian for infants.

EVANS, S. This is a proceeding for the judicial settlement of this estate by the executor in which construction of a portion of the will is asked. The paragraphs sought to be construed read as follows:

"The other two-thirds of my said property, I give, devise and bequeath to my said son Frederick F. Bowman, as trustee, to be held in trust by him for the use and benefit of my two daughters, Clara B. Hart, of Taberg, N. Y. and Grace E. Fay, of Ava, N. Y., and I direct that my said trustee pay to my said two daughters the sum of one hundred dollars each every six months from the date of my death, so long as said trust fund and the accumulation thereon lasts, each receiving a one-half of said Trust Fund.

"In case of the death of either, or both of my said daughters, the amount of said Trust fund then remaining is to be paid to their respective children, share and share alike and as previously paid to my said daughters. No adopted child, or children, by my said son or my said daughters are to take any part or share of my property under this will or otherwise."

The estate consists of about $8,331.68, all in personal property. It is the contention of Clara B. Hart, one of the daughters above mentioned, that the provision for her benefit and that of her sister, Grace B. Fay, is invalid and that it is an attempted trust that suspends the absolute ownership of personal property for longer than two lives in being. In the construction of a will it is fundamental that a question must be presented that requires such construction at the time it is asked. "A judge of a court of record cannot determine the rights of parties upon a state of facts which has not yet arisen, nor upon a matter which is speculative, future, contingent or uncertain." (*Matter of Spingarn*, 96 Misc. 141.)

In *Matter of Smith* (96 Misc. 414, 417) the court held that it is necessary to have some real contention in court that makes construction necessary and not a matter of convenience.

The rule was also announced in the case of *Horton* v. *Cantwell* (108 N. Y. 255, 269) in these words: "Upon the whole case we think there is no practical or present controversy to be determined, and the contingency may never arise in which the question can become a practical one, and even then, if it do hereafter arise, there is no certainty there will be any contest whatever in regard to it."

In the case at bar the only question at present that seems to be presented is confined to the rights of the two daughters of the testatrix; although the children of Grace E. Fay and an adopted daughter of Clara B. Hart have at present certain contingent interests, yet these contingent interests may never ripen into actual interests and for the present should not be passed upon.

The provision of the Personal Property Law that is claimed to be violated reads as follows: "The absolute ownership of personal property shall not be suspended by any limitation or condition, for a longer period than during the continuance and until the ter-

mination of not more than two lives in being at the date of the instrument * * * or, if such instrument be a last will and testament, for not more than two lives in being at the death of the testator." (Pers. Prop. Law, § 11.)

The two daughters, I think, are not beneficiaries of a trust in the ordinary sense; the gifts to them are of specific amounts payable semi-annually and continuing until the death of one or both or until the fund is exhausted. These gifts constitute simple general legacies with the time of payment postponed, and as to the daughters are vested interests transferable by them as is any gift in the nature of a general legacy. (*Durfee* v. *Pomeroy*, 154 N. Y. 583; *Snedeker* v. *Congdon*, 41 App. Div. 433; *Wells* v. *Squires*, 117 id. 502; affd., 191 N. Y. 529; *Matter of Trumble*, 199 id. 454.)

The fact that the executor, as such, or as a trustee, may have to hold the fund and deal with the income thereof in order to carry out the provisions of the will, does not create an illegal suspension of the power of alienation so far as the two daughters are concerned. (*Gilman* v. *Reddington*, 24 N. Y. 9; *Durfee* v. *Pomeroy*, *supra*.)

" The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person can not be transferred by assignment or otherwise. But the right and interest of the beneficiary of any other trust in personal property * * * may be transferred." (Pers. Prop. Law, § 15.)

The gifts to the daughters are absolute and payable out of the principal and any added income received where the principal is held by the executor or trustee and that does not violate any statute. (*Wells* v. *Squires*, *supra; Matter of Trumble*, *supra*.)

The restriction contained in section 15 of the Personal Property Law with reference to transfer of benefits under a trust does not apply to the case at bar for the reason that the daughters are not beneficiaries of a trust to receive the income of personal property and apply it to their benefit. It, therefore, follows that they have the right to sell and transfer their interest and that the ownership is not suspended within the meaning of the statute.

For the reasons stated, the interest of any person other than the two daughters is not considered and their rights are as above stated.

Decreed accordingly.